UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 FEB 24 Civil Action No.
3: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT # 62320
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. ₱
DATE 2-24-05

BARBARA CORDI-ALLEN AND JOHN ALLEN
        Plaintiffs,

        v.

JOSEPH R. CONLON, ARTHUR F. HUTLIN,
NORMAN H. POPE, KEITH S. ALTHAUS and
MARINNA MATRICARDI as they are members and are
collectively the TRURO ZONING BOARD OF
APPEALS, BROOKE NEWMAN, and the TOWN OF
TRURO, MASSACHUSETTS
        Defendants,

**05-10370 PBS**

MAGISTRATE JUDGE Alexander

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, Defendants petition for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the Defendants state as follows:

1.  On or about February 8, 2005, the Plaintiffs filed this suit in the Barnstable Superior Court, Civil Action No.: BACV2005-00080.

2.  On or about February 8, 2005 the Plaintiffs' Complaint was served upon the Defendant Town of Truro, Massachusetts. Attached as <u>Exhibit A</u> is a copy of the Plaintiffs' Complaint which was served upon the Defendant Town of Truro, Massachusetts.

3.  In their Complaint, the Plaintiffs allege [42] U.S.C. §1983 provides a cause of action in this matter because Ms. Cordi-Allen has been discriminated against because she is of Lebanese descent and because of her national origin the Defendant Town of Truro has "applied differing standards to the applications for regulatory permits to the Allens than they have

applied to others of non-Lebanese descent resulting in a violation of the equal protection and due process rights of the Allens."

4.  Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(b).

5.  This Notice of Removal is being filed within the time period required by law, 28 U.S.C. §1446(b).

Respectfully submitted,
The Defendants,
Joseph R. Conlon, Arthur F. Hultin, Norman H. Pope, Keith S. Althaus and Marinna Matricardi as they are members and are collectively the Truro Zoning Board of Appeals, and the Town of Truro, Massachusetts
By their attorneys,

Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

DATED: February 24, 2005

SUPERIOR COURT
BARNSTABLE SS

FILED  FEB 0 8 2005

_____

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT 65-80
CIVIL ACTION NO. 04-

| | |
|---|---|
| Barbara Cordi-Allen and John Allen | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| Joseph R. Conlon, Arthur F. Hultin, | ) |
| Norman H. Pope, Keith S. Althaus, and | ) |
| Marinna Matricardi as They are | ) |
| Members And Are Collectively | ) |
| the Truro Zoning Board of Appeals, | ) |
| Brooke Newman, and the Town of | ) |
| Truro, Massachusetts | ) |
| | ) |
| Defendants | ) |

## COMPLAINT

This action involves an appeal by Plaintiff Barbara Cordi-Allen of a decision of the Town of Truro Zoning Board of Appeals denying Ms. Cordi-Allen's request for revocation of a building permit and enforcement of the Town of Truro's Zoning Bylaw against the Defendant Brooke Newman. In addition, Plaintiff John Allen and Barbara Cordi-Allen (collectively the "Allens") also seek a judgment that the Town of Truro acted improperly and beyond its statutory and constitutional authority in taking certain land of the Allens in the Pamet Harbor area of Truro and have violated the Allens due process and equal protection rights in a concerted effort by the Boards, Commissions, and other agencies of the Town of prevent the Allens from developing in their waterfront property.

1

# JURISDICTION

2.    This court has jurisdiction pursuant to M.G.L. ch. 40A, Sec. 17, M.G.L. ch. 212, Sec. 4; M.G.L. ch. 214, Sec. 1; M.G.L. ch. 231A, Sec. 1; M.G.L. ch. 79, Sec. 14, 28 U.S.C. 1983, and M.G. L. c. 12, §§ 11H, 11I.

## PARTIES

3.    Plaintiff, Barbara Cordi-Allen, is a person and has an address of 143 Ardsley Road, Longmeadow, Massachusetts 01106.

4.    Plaintiff John Allen is a person and has an address of 143 Ardsley Road, Longmeadow, Massachusetts 01106.

5.    The Defendant Joseph R. Conlon, is a person with an address of 408 Route 6, Truro, Massachusetts and a member of the Truro Zoning Board of Appeals.

6.    The Defendant Arthur F. Hultin is a person with an address of 11 Lawrence Way, Truro, Massachusetts and a member of the Truro Zoning Board of Appeals.

7.    The Defendant Norman H. Pope is a person with an address of 5 Collins Road, Truro, Massachusetts and a member of the Truro Zoning Board of Appeals.

8.    The Defendant Keith S. Althaus, is a person with an address of 46 Shore Road, Truro, Massachusetts and a member of the Truro Zoning Board of Appeals.

9.    The Defendant Marinna Matricardi is a person with an address of 24 Fisherman's Road, Truro, Massachusetts and a member of the Truro Zoning Board of

Appeals.

10.     The Defendant Town of Truro is a body politic and corporate with a town form of government and has an address of Town Hall Road, Truro, Massachusetts.

11.     The Defendant Brooke Newman has an address of 273 Roaring Fork Drive, Aspen, Colorado 81611

## FACTS

12.     In March, 1996, the Allens purchased a waterfront property on Pamet Harbor adjacent to the Pamet Harbor Yacht Club with an address of 5 Yacht Club Road, Truro, Massachusetts (the "Property").

13.     The Property was improved with a single family dwelling.

14.     The Allens also applied to the Department of Environmental Protection ("DEP") for an M.G.L. ch. 91 license to maintain and extend a pier at the Property in 1996.

15.     The notice of the application was published in November, 1996, and letters were sent by the Town administrator and the Harbormaster of Pamet Harbor requesting that the M.G.L. ch. 91 license be denied and/or that a public hearing be held.

16.     Within a month, the harbormaster "blew the whistle" on Chairman of the Pamet Harbor Commission who was also a member of the Pamet Harbor Yacht Club alleging

3

that : (i) the Chairman pressured the Town Administrator to write the letter after the harbormaster originally refused to do so; and (ii) the harbormaster signed a similar matter in "a moment of weakness" when he believed that he would not obtain a raise if he refused to write a letter in opposition.

17.    When these allegations were revealed, the Town of Truro selectman refused to accept the resignations of Pamet Harbor Commission members and went so far as to criticize the harbormaster for his actions.

18.    In April, 1997, the Allens requested variances from the Truro Board of Health for the construction of a new septic system on the Property which was denied by the Board of Health.

19.    Concurrently, the Allens had filed a two notices of intent with the Truro Conservation Commission in 1996, to obtain an order of conditions to construct: (i) the septic system and a larger house on the property; and (ii) a pier which reached to navigable water at mean low water on their property.

20.    The Town of Truro Conservation Commission refused to take any action on either notice of intent.

21.    In October, 1997, the Town Administrator issued a memorandum to all town boards warning the Boards to be cautious in dealing with the Allens.

22.    The letter stated that he would not speak with the Allens without witnesses present and stated that the Boards should act similarly.

*4*

23.    The letter also directed the Boards and Commisisons in contravention to public records laws to not release information to the Allens or their attorneys and required that any from the Allens request be handled by the Town's attorneys.

24.    In 1998, Defendant Brooke Newman purchased 3 Yacht Club Road which was adjacent to the Property.

25.    In May, 1998, the Truro Conservation Commission issued an order of conditions allowing Ms. Newman to relocate and expand her home at 3 Yacht Club Road which showed a limited amount of "fill" being place on the property and raising the maximum elevation of the land near the home to elevation 12.0 NGVD and no placement of rocks, construction of a fence, or planting or trees.

26.    In August, 1998, the Conservation Commission approved one and possibly two revised plans for the Defendant Newman which showed a different location for the home and a replacement septic system.

27.    Again, only a limited amount of "fill" was to be brought to the property primarily adjacent to the dwelling and in no case higher than elevation 12.0 NGVD and no placement of rocks, construction of a fence, or planting or trees.

28.    On or about October 28, 1998, the Building Department of the Town of Truro issued a building permit for construction on Brooke Newman's property at 3 Yacht Club Road without requiring Ms. Newman to obtain a special permit or a variance.

29.    The permit was based upon a plan that required the use of "breakaway panels" to meet flood zone requirements.

30.    In late February, 1999, the Conservation Commission approved a revised plan for the Newman home which raised the exit pipe for the septic system to a height of 12.8 feet.

31.    Again, only a limited amount of "fill" was to be brought to the property primarily adjacent to the dwelling and in no case higher than elevation 12.0 NGVD and no placement of rocks, construction of a fence, or planting of trees.

32.    After approval of the revised plan in late February, 1999, construction began on Ms. Newman's home at 3 Yacht Club Road.

33.    The construction, however, was not completed in compliance with approved plans in areas subject to Commission jurisdiction as: (I) the foundation did not have breakaway panels; (ii) fill was brought on to the property to at least elevation 13.5 to cover the outlet to the septic tank from the home; (iii) large rocks were brought onto the property which were not shown on any plan; (iv) a fence was constructed; (v) an overhanging roof was constructed; and (vi) while Newman had informed the Conservation Commission that she would only plant "native grasses", Ms. Newman planted numerous trees and shrubbery.

34.    Recognizing the Conservation Commission and Board of Health acted nearly immediately on any application of Ms. Newman, but such Boards simply failed to act when the Allens submitted applications, the Allens requested that the Department of

Environmental Protection ("DEP") issue Superseding Orders of Conditions for the Allens proposed house, septic system, and pier in November, 1998.

35.    The Southeast Regional Office of DEP accepted the Allens request to consider the issuance of a Superseding Order of Conditions in January, 1999.

36.    An on-site meeting was held by DER in early, 1999 to "evaluate" the Allens project in 1999.

37.    At the on-site meeting, DEP and members of the Truro Conservation Commission observed individuals excavating and repairing the septic system for the adjacent Pamet Harbor Yacht Club.

38.    No permits were obtained for such work, but no enforcement action was initiated against teh Yacht Club.

39.    DEP staff and the Truro Conservation Commission observed the conditions on the adjacent Newman property including that the property had only a few shrubs and beach grass present.

40.    In 1999, the Barnstable Superior Court ruled that the Truro Board of Health acted arbitrarily and capriciously when it failed to act on the Allens septic variance application within 45 days of receipt and then attempted to deny that application after expiration of the 45 day time period to act in M.G.L. ch. 11, Sec. 31E.

41.    Having obtained their variances, the Allens applied in June, 1999, for DEP

approval of the variance to construct a system without a "reserve area" as required by DEP regulations.

42. The plan submitted by the Allens to DEP contained the same wetland resource areas (coastal bank and land subject to coastal storm flowage) in the same locations as were found by DEP in 1993 when it rejected a contention by the Truro Conservation Commission that the Property contained a "coastal dune."

43. On January 18, 2000, by letter from Elizabeth Kouloheras, the Southeast Regional Office of DEP issued a variance to construct the septic system proposed by the Allens.

44. No party appealed DEP's decision to issue the variance.

45. On June 8, 2000, by letter from Elizabeth Kouloheras, the Southeast Regional Office of DEP issued two superseding orders of conditions authorizing the Allens' house, septic system and pier.

46. The DEP concluded that the Property did not contain a "coastal dune" and authorized the construction of septic system on it.

47. In June, 2000, the Town of Truro and the Pamet Harbor Yacht Club requested an adjudicatory hearing on the two Superseding Orders of Conditions issued by DEP alleging that the Allens' property contains a "coastal dune."

48. In November, 2000, a prehearing conference was scheduled for the appeals of

the superseding orders of conditions:

49.　　At this time, Brooke Newman filed a motion to intervene in the proceeding which was ultimately granted and alleged that there existed a "coastal dune" on both the Property and her adjacent property.

50.　　The allegation was somewhat perplexing as Ms. Newman never showed a coastal dune on any of her filings with the Truro Conservation nor does the development of her property comply with the performance standards for "coastal dunes"

51.　　From 1996 to this time period, numerous meetings were held with DEP and the U.S. Army Corps of Engineers regarding the M.G.L. ch. 91 license application and a related permit application for the Allens' proposed pier extension.

52.　　At these meetings, DEP informed the Army Corps that it intended to issue the M.G.L. ch. 91 permit to the Allens.

53.　　Notwithstanding these statements, the DEP issued a notice of denial of the M.G.L. ch. 91 license to the Allens on November 30, 2000, for which the Allens requested an adjudicatory hearing before DEP.

54.　　In early 2001, the Health Agent of the Town of Truro insisted that the Allens modify the DEP septic variance because the building and landscaping on the Superseding Order of Conditions plan differed from that in the DEP septic variance.

55.    In response, the Allens requested that the DEP variance be modified to incorporate the building and landscaping changes and DEP issued an amended variance in April, 2001.

56.    The Plaintiff Town of Truro then filed an M.G.L. ch. 30A, Sec. 14 appeal in Barnstable County Superior Court (No. 01-347) challenging this decision.

57.    Contemporaneously, Brooke Newman filed a similar appeal in Suffolk County Superior Court (No. 01-2419F).

58.    In October, 2001, the Allens wrote to the Truro Harbormaster with a copy to Town Counsel, which complained that boats were being moored on town authorized moorings on the Allens tidal flats (i.e., land owned by the Allens between mean high and mean low water).

59.    In late January, 2002, the Allens learned that the Town of Truro intended to take the tidal flats on their property and adjacent land owners by eminent domain.

60.    The purpose of this action was to prevent the Allens from constructing their proposed pier and to eliminate their complaints regarding the Town using the flats for moorings and was done to benfjt the Parriet Harbor Yacht Club.

61.    The Order of Taking was recorded in the Barnstable Registry of Deeds on February 15, 2002.

62.    The Allens were offered a payment of $2,500 for the land which was the lowest

of any property owners and approximately ten percent of the amounts paid to their residential neighbors including Ms. Newman.

63.    The purported reason for the lesser payment was that the Allens retained an easement in the location of an existing dilapidated pier which only reaches the water during less than one quarter of the tidal cycle and serves no purpose other than as a viewing platform.

64.    In April and May of 2002, Town Counsel wrote to the Allens and stated that the Allens probably required a variance from the zoning bylaw to expand their home or, at a minimum, a special permit, even though no neighbors had been required to do so for their expansions.

65.    In April, 2003, the Town of Truro filed a motion to remand its Barnstable Superior Court action on the DEP septic variance modification arguing that the Property contains a septic system located within a "coastal dune" even though its Boards have never applied coastal dune standards to any property in the area.

66.    That motion was denied as it was unsupported by affidavits.

67.    In early, 2004, the Town renewed its motion to remand (which remains pending) arguing that the Allens misled regulatory authorities in not showing a "coastal dune" on the Property when in fact the Allens showed wetland resources that had been approved by DEP in 1993 when the DEP rejected the Truro Conservation Commissions' argument that the Property contained a "coastal dune."

11

68.    In May, 2004, the Allens requested that the Conservation Commission initiate enforcement against Brooke Newman for failure to comply with the terms of her order of conditions and failing to comply with "coastal dune" performance standards which the Commission wished to have applied to the adjacent Allen Property.

69.    The information submitted to the Commission during 2004 demonstrated that Ms. Newman: (i) placed more than two feet of additional fill on her property which was not shown in any plan; (ii) planted trees and constructed a fence which were not shown on her plans and were inconsistent with the representation that only "native grasses" would be planted in her notices of intent; (iii) placed large boulders onto the property; and (iv) took other actions which did not comply with coastal dune performance standards even though Ms. Newman has alleged that her property and Ms. Cordi-Allens contain a "coastal dune."

70.    Even though these actions were wholly inconsistent with the plan approved for Ms. Newman's property, the Commission voted to issue a certificate of compliance that the work performed by Ms. Newman was in "substantial compliance" with her approved plans.

71.    With respect to the allegations regarding "coastal dunes," the Commission stated that they would not apply coastal dune standards to the Newman property.

72.    In July, 2004, the Pamet Harbor Yacht Club constructed, among other things, a stairway across the beach and installed propane gas tanks in the flood plain without obtaining Truro Conservation Commission approval.

12

73.    No enforcement action has been taken against the Yacht Club for such actions.

74.    The Pamet Yacht Club has been serving food at its premises in the Summer and Fall of 2004 without obtaining the proper food service permits.

75.    Such information is widely known and has been published in the Cape Cod Times, but no enforcement action has been taken.

76.    In July, 2004, the Allens requested authority to install floats off of the "viewing platform" in pier easement area.

77.    Town counsel responded that such licenses would not be issued as the Town owned the tidelands in which they would be located.

78.    However, the Town of Truro has licensed for at least two years floats of the Pamet Harbor Yacht Club which extend beyond their easement.

79.    By letter dated July 26, 2004, Barbara Cordi-Allen requested that the Building Commissioner revoke the building permit issued to Brooke Newman as she had not obtained a special permit or variance.

80.    The request cited letters to the Allens' counsel from town counsel stating that the Allens required a variance or special permit.

81.    The Building Commissioner failed to respond within the statutorily required 14 day period.

13

82.   Finally, after numerous telephone calls to town counsel, the Building Commissioner issued a letter on October 19, 2004, denying the request and essentially stating that his predecessor must have found that a special permit or variance was not required.

83.   On October 27, 2004, Barbara Cordi-Allen filed an appeal of that decision with the Truro Zoning Board of Appeals and filed a notice with the Barnstable County Registry of Deeds on the following day.

84.   Even though the Building Commissioner waited nearly three months to respond, town counsel quickly informed the Truro Zoning Board of Appeals that the appeal was untimely because the appeal had not been filed in Superior Court by October 28, 2004, citing a case that does not even address the issue of whether a timely filed administrative proceeding may continue.

85.   The Truro Zoning Board of Appeals held a public hearing in December, 2004, and again on January 10, 2005.

86.   On January 19, 2005, a decision was filed with the Truro Town Clerk denying Ms. Cordi-Allen's appeal. (copy attached as Exhibit One).

87.   The decision simply holds without findings that the Building Commissioner acted properly in issuing the building permit and that the appeal was untimely.

88.   Plaintiff Barbara Cordi-Allen is aggrieved by the decision of the Truro Zoning

14

Board of Appeals.

# COUNT I

## Appeal of Zoning Board of Appeals Decision

### M.G.L. ch. 40a, Sec. 17

89.    Plaintiff Barbara Cordi-Allen repeats the allegations in paragraphs 1 through 88 set forth above and further alleges as follows.

90.    The Zoning Board of Appeals' decision was not supported by the facts or law.

91.    The issuance of the building permit to Brooke Newman without a variance or special permit exceeded the authority of the Building Commissioner.

92.    The Zoning Board of Appeals' decision was arbitrary and capricious, constituted an error of law, constituted an abuse of discretion, exceeded the authority of the Commission, was against the weight of evidence presented at the public hearing, and was otherwise unlawful.

WHEREFORE, Barbara Cordi-Allen requests that this court enter judgment as follows:

    a.    That the decision of the Zoning Board of Appeals was:

        i.    in excess of the Commission's authority or jurisdiction,

        ii.    based upon error of law,

        iii.    made upon unlawful procedure, and/or

        iv.    is unsupported by factual evidence.

    b.    Issue an Order:

        i.    reversing the decision,

ii.    requiring that the Zoning Board of Appeals enforce the Zoning Bylaw against Ms. Newman;

c.    Provide such other relief as this court deems meet and just under the circumstances.

## COUNT II

## Federal Civil Rights -- 28 U.S.C. 1983

93.    Plaintiffs John Allen and Barbara Cordi-Allen repeat the allegations in paragraphs 1 through 92 set forth above and further allege as follows.

94.    Barbara Cordi-Allen is an American citizen of Lebanese descent.

95.    John Allen is Ms. Cordi-Allens' husband.

96.    The Allens have been discriminated against due to Ms. Allens' national origin in that the Town of Truro has applied differing standards to the applications for regulatory permits to the Allens than they have applied to others of non-Lebanese descent resulting in a violation of the equal protection and due process rights of the Allens.

97.    The actions of the Town of Truro have been irrational and wholly arbitrary resulting in a violation of the equal protection and due process rights of the Allens.

98.    The actions of the Town of Truro and its various boards are intentional and occur under color of state law.

99.    The Allens have been unable to develop the Property to the extent allowed by

law and have lost their full use and enjoyment of the Property and have been required to incur attorneys fees and other costs resulting in damages in excess of $5,000,000.00.

99.     The actions of the Town of Truro have been intentional discrimination and are intended to protect the interests of the Pamet Harbor Yacht Club and its members who include many of the most influential citizens of Truro.

100.    Such actions entitle the Allens to punitive damages and the Allens request that such damages be allowed in an amount up to three times the actual damages of the Allens.

101.    The actions of the Town of Truro have resulted in a temporary taking of the Allens property.

102.    The Town of Truro and its Boards have violated the civil rights of Allens protected by the United States Constitution.

103.    Defendant Town of Truro is liable for the damages incurred by the Plaintiffs caused by its and its Boards' or Commissions' violation of the Allens' civil rights.

WHEREFORE, Allens requests that this court enter judgment that:

     a.     The actions of the Defendant Truro and its Boards and Commissions violated federal protected civil rights of the Allens;

     b.     The Allens are entitled to compensatory and punitive damages of

17.

at least 20 million dollars;

c.    Award attorneys fees to the Allens as provided in 28 U.S.C. 1983;
and

d.    Providing such other relief as this court deems meet and just
under the circumstances.

## COUNT III

## State Civil Rights -- M.G. L. c. 12, §§ 11H, 11I

104.    Plaintiffs John Allen and Barbara Cordi-Allen repeat the allegations in
paragraphs 1 through 104 set forth above and further alleges as follows.

105.    Barbara Cordi-Allen is an American citizen of Lebanese descent.

106.    John Allen is Ms. Cordi-Allens' husband.

107.    The Allens have been discriminated against due to Ms. Allens' national origin in
that the Town of Truro has applied differing standards to the applications for regulatory
permits to the Allens than they have applied to others of non-Lebanese descent
resulting in a violation of the equal protection and due process rights of the Allens.

108.    The actions of the Town of Truro have been irrational and wholly arbitrary
resulting in a violation of the equal protection and due process rights of the Allens.

109.    The Plaintiffs attempts to exercise the rights have been interfered with by the
Town of Truro and that interference has been through the use of threats, coercion and

intimidation.

110.  The Allens have been unable to develop the Property to the extent allowed by law and have lost their full use and enjoyment of the Property and have been required to incur attorneys fees and other costs resulting in damages in excess of $5,000,000.00.

111.  The actions of the Town of Truro have been intentional discrimination and are intended to protect the interests of the Pamet Harbor Yacht Club and its members who include many of the most influential citizens of Truro.

112.  Such actions entitle the Allens to punitive damages and the Allens request that such damages be allowed in an amount up to three times the actual damages of the Allens.

113.  The actions of the Town of Truro have resulted in a temporary taking of the Allens property.

114.  The Town of Truro and its Boards have violated the civil rights of Allens protected by the Massachusetts Constitution.

115.  Defendant Town of Truro is liable for the damages incurred by the Plaintiffs caused by its and its Boards' or Commissions' violation of the Allens' civil rights.

WHEREFORE, Allens requests that this court enter judgment that:

    a.    The actions of the Defendant Truro and its Boards and

Commissions violated state protected civil rights of the Allens;

b.      The Allens are entitled to compensatory and punitive damages of at least 20 million dollars;

c.      Award attorneys fees to the Allens as provided in M.G.L. ch. 12, Sec. 11H, and 11I; and

d.      Providing such other relief as this court deems meet and just under the circumstances.

### COUNT IV
### Reversal of Eminent Domain

116.    Plaintiffs John Allen and Barbara Cordi-Allen repeat the allegations in paragraphs 1 through 115 set forth above and further alleges as follows.

117.    The Allens "flats" and tideland property was taken in violation of the United States and Massachusetts Constitution.

118.    The taking by eminent domain did not serve a public purpose, but rather was undertaken to transfer control over those flats and tidelands for the private use of the Pamet Harbor Yacht Club.

WHEREFORE, Allens requests that this court enter judgment that:

a.      That the eminent domain taking was:

        i.      in violation of constitutional provisions,

ii.     In excess of the Commission's authority or jurisdiction,

iii.    based upon error of law,

iv.     made upon unlawful procedure, and/or

v.      is unsupported by factual evidence.

b.      Issue an Order reversing the eminent domain taking of the Allens tidelands; and

c.      Provide such other relief as this court deems meet and just under the circumstances.

## Count V - Declaratory Judgment

119.    Plaintiffs repeat the allegations in paragraphs 1 through 118 set forth above and further allege as follows.

120.    There exists a controversy between the Plaintiffs and the Defendant Town of Truro regarding the Property and whether the Town violated the Allens constitutionally protected rights.

121.    The Plaintiffs seek a declaration that the Town of Truro and its Boards and Commissions have violated the constitutionally protected rights:

WHEREFORE, Allens requests that this court enter judgment that:

a.      the Town of Truro and its Boards and Commissions have violated the constitutionally protected rights of the Allens; and/or

21

b.    for such other declaratory relief as may be necessary to protect such rights.

Respectfully Submitted,

Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02630
(508) 778-7126

Dated: February 8, 2005

22

# EXHIBIT ONE

26

## DECISION OF THE BOARD OF APPEALS OF TRURO, MASSACHUSETTS

Property Owner(s) and/or Applicant(s):  Barbara Cordi-Allen, (by agt/atty Paul Revete, III)

Property Location:___3 Yacht Club Rd.

Atlas Sheet:__50__ Parcel:__20__ (Ref. 2004-014ZBA) Hearing Date:  Monday, January 10, 2005 (as continued

from the Meeting of Monday, December 6, 2004.)

| | | | | |
|---|---|---|---|---|
| Special Permit | ☐ | Vote: | 5 | Approve  ☒ |
| Variance | ☐ | | 0 | Disapprove ☐ |
| Building Commissioner Decision | ☐ | | | Abstain  ☐ |
| Other | ☒ | | (Unanimous vote on Motion to Deny the application) | |

Motion (Conlon; 2nd Pope):  I hereby Move to Deny the application of Barbara Cordi-Allen, appealing the decision of the Building Commissioner dated October 19, 2004 upholding the issuance of a building permit on October 28, 1998 for property owned by Brooke Newman, Located at 3 Yacht Club Rd (Atlas Sheet 50, Parcel 20)[2004-014/ZBA], on the following grounds:

1)  The Building Commissioner was fully authorized to issue the building permit to Ms. Newman pursuant to the provisions of Section VIII-B.2 of the former Truro Zoning Bylaws because Ms. Newman's project involved the alteration of a pre-existing, non-conforming structure and Section VIII-B.2 authorized the Building Inspector to approve and issue a building permit for a proposed repair, reconstruction, alteration or structural change of a pre-existing, non-conforming single-family structure if the Building Commissioner determines that the proposal will not be "substantially more detrimental to its neighborhood than the existing nonconforming structure and will not increase the nature or extent of the nonconformity;"

2)  The appeal is untimely pursuant to the provisions of General Laws, Chapter 40A, Section 7 because the subject building permit was issued and the land improved over six (6) years ago, and therefore, the issue presently on appeal, namely whether the Building Commissioner acted within his authority on October 28, 1998, is now, time-barred and moot.

I hereby certify this as a true and accurate record of the Board of Appeals.

_____        _____ 19  2005
Signature                                                           Date

Received, Office of the Town Clerk:

_____        _____
Signature                                                           Date   January 19 2005

I hereby certify that this decision was filed with the Office of the Town Clerk on _____ and 20 (twenty) days have elapsed since the date of filing, and no appeal has been filed.

_____        _____
Signature                                                           Date

NOTE: Any person aggrieved by a decision of the Zoning Board of Appeals may appeal to the Superior or Land Court by bringing action within twenty days after the decision has been filed with the Town Clerk of Truro. (Massachusetts General Laws, Chapter 40A, Section 17.)

A COPY OF THIS DECISION MUST BE FILED WITH THE REGISTER OF DEEDS
OF BARNSTABLE COUNTY BY THE APPLICANT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)____Barbara Cordi-Allen v. Joseph R. Cohlon, et al_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
    local rule 40.1(a)(1)).

    ☐    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ☐    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ☐    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ☐    V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                        YES ☐      NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)
                                                                        YES ☐      NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                        YES ☐      NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                        YES ☐      NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).
                                                                        YES ☐      NO ☒

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☐          Central Division ☐          Western Division ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies, residing in Massachusetts reside?

         Eastern Division ☒          Central Division ☐          Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)
                                                                        YES ☐      NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Deborah I. Ecker, Esq./Brody, Hardoon, Perkins & Kesten, LLP

ADDRESS  One Exeter Plaza, Boston, MA 02116

TELEPHONE NO.  (617) 880-7100

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3.99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Barbara Cordi-Allen and John Allen

**DEFENDANTS** Joseph R. Conlon, Arthur F. Hutlin, Norman H. Pope, Keith S. Althaus and Marinna Matricardi as members/colletively the Truro Zoning Board of Appeals, Brooke Newman, and Town

(b) County of Residence of First Listed Plaintiff    Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Barnstable    of    Truro.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul Revere, III, Esq.
226 River View Lane
Centerville, MA 02630    (508) 778-7126

Attorneys (If Known) ***SEE BELOW FOR MORE ATTY INFO***
Leonard H. Kesten/Deborah I. Ecker
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, Boston, MA 02116
(617) 880-7100

**II. BASIS OF JURISDICTION**    (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. section 1983. Plaintiff alleges Defendants discriminated against her based on her Lebanese descent in applying differing standards to the applications for regulatory permits.

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE    DOCKET NUMBER

DATE    February 24, 2005    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

***Attorney for Defendant, Brooke Newman***
Michael A. Leon, Esq./Nutter, McClennen & Fish, LLP    (617) 439-2815
155 Seaport Blvd., Boston, MA 02210