UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10370PBS

BARBARA CORDI-ALLEN AND JOHN ALLEN
Plaintiffs,

v.

JOSEPH R. CONLON, ARTHUR F. HULTIN, NORMAN H. POE, KEITH S. ALTHAUS AND MARINNA MATRICARDI as they are members and collectively the TRURO ZONING BOARD OF APPEALS, BROOKE NEWMAN and the TOWN OF TRURO, MASSACHUSETTS,
Defendants,

## ANSWER

The Defendants, Joseph R. Conlon, Arthur F. Hultin, Norman H. Pope, Keith S. Althaus and Marinna Matricardi as they are members and collectively the Truro Zoning Board of Appeals, and the Town of Truro, Massachusetts (the "Defendants") hereby respond to the numbered paragraphs of the Plaintiff's complaint in the above referenced matter as follows:

## COMPLAINT

The first paragraph of the Plaintiffs' Complaint is introductory in nature and does not require a response. To the extent that a response is required, the allegations contained in the first paragraph are denied.

## JURISDICTION

2.  The allegations contained in paragraph 2 of the Complaint state conclusions of law to which no response is required.

## PARTIES

3. The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint which allegations are therefore denied.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. The Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. The Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. The Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint which allegations are therefore denied.

## FACTS

12. The Defendants admit that allegations contained in paragraph 12 of the Complaint.

13. The Defendants admit that the property had a structure on it at the time it was purchased by the Allens. The Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14. The Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. The Defendants admit that the Town Administrator requested that the application be denied and/or that a public hearing be held. The Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16. The Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. The Defendants admit that the plaintiff submitted requests for variances to the Truro Board of Health for the construction of a septic system on the property which requests were denied by the Board of Health.

19. The Defendants admit that the Plaintiff have filed notices of intent with the Truro Conservation Commission to obtain order of conditions for the property. The notices of intent referenced speak for themselves and to the extent that they differ from the allegations contained in paragraph 19, those allegations are denied.

20. The Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The Defendants admit that the Town Administrator issued a memorandum to all Town employees regarding the Plaintiffs. That

memorandum speaks for itself and to the extent that it differs from the allegations contained in paragraph 21 of the Complaint, those allegations are denied.

22. The memorandum referenced in paragraph 22 speaks for itself and to the extent that the memorandum differs from the allegations contained in paragraph 22 of the Complaint, those allegations are denied.

23. The Defendants denies the allegations contained in paragraph 23 of the Complaint. The Defendants further answer that the letter referenced in paragraph 23 speaks for itself.

24. The Defendants admit the allegations contained in paragraph 24 of the complaint.

25. The Order of Conditions referenced in paragraph 25 of the Complaint speak for themselves. To the extent that the Order of Conditions differ from the allegations contained in paragraph 25 the allegations are denied.

26. The Defendants deny the allegations contained in paragraph 26 of the Complaint. The Defendant further answers that the Order of Conditions issued by the Conservation Commission speak for themselves and to the extent they differ from the allegations contained in paragraph 26, those allegations are denied.

27. The Defendants deny the allegations contained in paragraph 27 of the Complaint. The Defendant further answers that the Order of Conditions issued by the Conservation Commission speak for themselves and to the extent they differ from the allegations contained in paragraph 27, those allegations are denied.

28. The Defendants admit that the Town of Truro issued a building permit for construction on Brook Newman's property at 3 Yacht Club Road. The defendants deny the remaining allegations contained in the Complaint.

29. The Plan referenced in paragraph 29 of the Complaint speaks for itself. To the extent that the Plan differs from the allegations contained in paragraph 29, those allegations are denied.

30. The revised plan and approval referenced in paragraph 30 of the Complaint are documents that speak for themselves. To the extent that those documents differ from the allegations contained in paragraph 30, those allegations are denied.

31. The revised plan and approval referenced in paragraph 30 of the Complaint are documents that speak for themselves. To the extent that those documents differ from the allegations contained in paragraph 30, those allegations are denied.

32. The Defendants admit the allegations contained in paragraph 32 of the Complaint.

33. The Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The Defendants admit that the Plaintiffs requested that the Department of Environmental Protection ("DEP") issue Superceding Orders of Conditions. The Defendants deny the remaining allegations contained in paragraph 34 of the Complaint.

35. The Defendants admit that the DEP considered the Plaintiffs' requests. The Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36. The Defendants admit that DEP held a site visit. The Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. The Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. The Defendants admit that the Superior Court ruled that the Truro Board of Health failed to act within 45 days of receipt of the Allen's application for a septic variance. The Court's decision speaks for itself. To the extent that the Court's decision differs from the allegations contained in paragraph 40, those allegations are denied.

41. The Defendants admit that an application was filed with the DEP for approval to construct the proposed septic system. The Defendants deny the remaining allegations contained in the paragraph 41 of the Complaint.

42. The Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. The January 18, 2000 letter speaks for itself. To the extent that the letter differs from the allegations contained in paragraph 43, those allegations are denied.

44. The Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The Defendant admits that DEP issued two superseding Orders of Conditions which orders speak for themselves. To the extent that the

       Orders of Conditions differ from the allegations contained in paragraph 45 of the Complaint, those allegations are denied.

46. The Superceding Orders of Conditions referenced in paragraph 46 speak for themselves. To the extent that the Orders of Conditions differ from the allegations contained in paragraph 46, those allegations are denied.

47. The Defendants admit that the Town of Truro requested an adjudicatory hearing on the two Superceding Orders of Conditions issued by DEP in part because the property contained a coastal dune. The Defendants deny the remaining allegations contained in paragraph 47 of the Complaint.

48. The Defendants admit the allegations contained in paragraph 48 of the Complaint.

49. The Defendants admit that Brooke Newman filed a motion to intervene. The Defendants deny the remaining allegations contained in paragraph 49 of the Complaint.

50. The Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. The Defendants admit that there have been several meetings with the DEP and the U.S. Army Corps of Engineers regarding the Plaintiff's M.G.L. c. 91 license application and application for a proposed pier extension. The Defendants deny the remaining allegations contained in paragraph 51 of the Complaint.

52. The Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. The Defendants admit that the DEP issued a notice of denial of the M.G.L. c. 91 license to the Allens and that the Allens requested an adjudicatory

hearing before the DEP. The Defendants deny the remaining allegations contained in paragraph 53 of the Complaint.

54. The Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. The Defendants admit that the Allens requested that the DEP variance be modified and that the DEP issued an amended variance. The Defendants deny the remaining allegations contained in paragraph 55 of the Complaint.

56. The Defendants admit the allegations contained in paragraph 56 of the Complaint.

57. The Defendants admit that Brook Newman filed an appeal in Suffolk Superior Court. The Defendants deny the remaining allegations contained in paragraph 57 of the Complaint.

58. The letter referenced in paragraph 58 of the Complaint speaks for itself. To the extent that the letter differs from the allegations contained in paragraph 58, those allegations are denied.

59. The Defendants admit that the Town of Truro determined that it would take the tidal flats of property owners, including the Plaintiff's property by eminent domain. The Defendants deny the remaining allegations contained in paragraph 59 of the Complaint.

60. The Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. The Defendants admit the allegations contained in paragraph 61 of the Complaint.

62. The Defendants admit that the Allens were offered a payment of $2,500. The Defendants deny the remaining allegations contained in paragraph 62 of the Complaint.

63. The Defendants admit that the Allens were offered a lower payment. The Defendants deny the remaining allegations contained in paragraph 63 of the Complaint.

64. The Defendants admit that Town Counsel wrote a letter to the Allens and stated that they required a variance from the zoning bylaws or a special permit which letter speaks for itself. To the extent that the letter differs from the allegations contained in paragraph 64, those allegations are denied. The Defendants deny the remaining allegations contained in paragraph 64 of the Complaint.

65. The Defendants admit that the Town of Truro filed a motion to remand the Barnstable Superior Court action which motion speaks for itself. The Defendants deny the remaining allegations contained in paragraph 65 of the Complaint.

66. The Defendants admit that the Motion was denied, which denial speaks for itself. To the extent that the denial differs from the allegations contained in paragraph 66, those allegations are denied.

67. The Defendants admits that the Town renewed its motion to remand which motion speaks for itself. The Town denies the remaining allegations contained in paragraph 67 of the Complaint.

68. The Defendants admit that the Allens requested that the Conservation Commission initiate enforcement action against Brooke Newman. The

Defendants deny the remaining allegations contained in paragraph 68 of the Complaint.

69. The Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. The Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. The Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. The Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. The Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. The Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. The Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. The Defendants admit that the Allens requested authority to install floats. The Defendants deny the remaining allegations contained in paragraph 76 of the Complaint.

77. The Town Counsel's response referenced in paragraph 77 speaks for itself. To the extent that the Town's Counsel's response differs from the allegations contained in paragraph 77, those allegations are denied.

78. The Defendants admit that the Pamet Yacht Club has licenses for floats. The Town denies the remaining allegations contained in paragraph 78 of the Complaint.

79. The Defendants admit that Ms. Cord-Allen requested that the Building Commissioner revoke the building permit issued to Brook Newman by letter, which letter speaks for itself. To the extent that the letter referenced in paragraph 79 of the Complaint differs from the allegations in paragraph 79, those allegations are denied.

80. The request referenced in paragraph 80 of the Complaint speaks for itself. To the extent that the request differs from the allegations contained in paragraph 80, those allegations are denied.

81. The Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. The letter referenced in paragraph 82 of the Complaint speaks for itself. To the extent that the letter differs from the allegations contained in paragraph 82, those allegations are denied. The Defendant denies the remaining allegations contained in paragraph 82 of the Complaint.

83. The Defendants admit that Ms. Cordi-Allen filed an appeal of a decision of the Truro Zoning Board of Appeals. The Defendants deny the remaining allegations contained in paragraph 83 of the Complaint.

84. The Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. The Defendants admit that a public hearing was held in December 2004 and January 2005. The Defendants deny the remaining allegations contained in paragraph 85 of the Complaint.

86. The Defendants admit the allegations contained in paragraph 86 of the Complaint.

87. The decision referenced in paragraph 87 speaks for itself. To the extent that the decision differs from the allegations contained in paragraph 87, those allegations are denied.

88. The Defendants deny the allegations contained in paragraph 88 of the Complaint.

## COUNT I
### Appeal of Zoning Board of Appeals Decision
### M.G.L. c. 40A, Section 17

89. The Defendants repeat and incorporate herein the answers to the allegations contained in paragraphs 1-88 above.

90. The Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. The Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. The Defendants deny the allegations contained in paragraph 92 of the Complaint.

WHEREFORE, the Defendants demand judgment in their favor on Count I of the Plaintiff's complaint as well as costs and attorneys fees.

## COUNT II
### Federal Civil Rights – 28 U.S.C. 1983

93. The defendants repeat and incorporate herein the answers to allegations contained in paragraphs 1-92 above.

94. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint which allegations are therefore denied.

95. The Defendants admit the allegations contained in paragraph 95 of the Complaint.

96. The Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. The Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. The Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. The Defendants deny the allegations contained in paragraph 99 of the Complaint.

2nd 99. The Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. The Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. The Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. The Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. The Defendants deny the allegations contained in paragraph 103 of the Complaint.

WHEREFORE, the Defendants demand that the Court enter judgment in their favor on Count II of the Complaint with costs and attorneys fees.

## COUNT III
### State Civil Rights –M.G.L. c. 12, §§11H, 11I

104. The Defendants repeat and incorporate herein the answers to the allegations contained in paragraphs 1-103 above.

105. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint which allegations are therefore denied.

106. The Defendants admit the allegations contained in paragraph 106 of the Complaint.

107. The Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. The Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. The Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. The Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. The Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. The Defendants deny the allegations contained in paragraph 112 of the Complaint.

113. The Defendants deny the allegations contained in paragraph 113 of the Complaint.

114. The Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. The Defendants deny the allegations contained in paragraph 115 of the Complaint.

WHEREFORE, the Defendants demand that the Court enter judgment in their favor as to Count III of the Complaint as well as attorneys' fees and costs.

## COUNT IV
### Reversal of Eminent Domain

116. The Defendants repeat and incorporate herein their answers to the allegations contained in paragraphs 1-115 above.

117. The Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. The Defendants deny the allegations contained in paragraph 118 of the Complaint.

WHEREFORE, the Defendants demand that the Court enter judgment in their favor as to Count IV of the Complaint as well as attorneys' fees and costs.

## COUNT V
### Declaratory Judgment

119. The Defendants repeat and incorporate herein their answers to the allegations contained in paragraphs 1-118 above.

120. The Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. The Defendants deny the allegations contained in paragraph 121 of the Complaint

WHEREFORE, the Defendants demand that the Court enter judgment in their favor on Count V of the Complaint as well as attorneys' fees and costs.

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Count II of the Complaint (Violation of 42 U.S.C. §1983) should be dismissed for failure to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendants deny all of the Plaintiff's allegations of wrongful conduct and state that they were at all relevant times acting in good faith and in reasonable belief that their actions were lawful.

### JURY CLAIM

The Defendants claim a trial by jury on all Counts so triable.

>Respectfully submitted,
>The Defendants,
>Joseph R. Conlon, Arthur F. Hultin, Norman H. Pope, Keith S. Althaus, and Marinna Matricardi as they are Members and are Collectively the Truro Zoning Board of Appeals, and the Town of Truro, Massachusetts,
>By their attorneys,
>
>/s/ Deborah I. Ecker
>Leonard H. Kesten, BBO# 542042
>Deborah I. Ecker, BBO# 554623
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>One Exeter Plaza
>Boston, MA 02116

DATED: March 16, 2005