05-80

I, John S. Dale, First Assistant Clerk of the Superior Court within and for said County of

Barnstable, having, by law, the custody of the seal and all the records, books, documents and

papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true

copies of the papers appertaining to said Court, and on file and of record in the Office of said

Court, relating to the case of BARBARA CORDI-ALLEN, JOHN ALLEN vs. TRURO

ZONING BOARD OF APPEALS, TOWN OF TRURO, BROOKE NEWMAN, case #05-80

In witness whereof, I have hereunto set my hand and the

seal of said Court, this fourteenth day of March  in

the year of our Lord two thousand  five.

_____

First Assistant Clerk

Commonwealth of Massachusetts
**BARNSTABLE SUPERIOR COURT**
Case Summary
Civil Docket

# BACV2005-00080
## Cordi-Allen et al v Truro Zoning Board of Appeals et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 02/08/2005 | **Status** | Disposed: transferred to other court (dtrans) | |
| **Status Date** | 03/14/2005 | **Session** | A - Civil A- Barnstable Superior Court | |
| **Origin** | 1 | **Case Type** | C02 - Zoning appeal (40A) | |
| **Lead Case** | | **Track** | F | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 03/01/2005 | **Answer** | | **Rule12/19/20** | 07/08/2005 | |
| **Rule 15** | 07/08/2005 | **Discovery** | 12/05/2005 | **Rule 56** | 01/04/2006 | |
| **Final PTC** | 07/05/2006 | **Disposition** | 10/05/2006 | **Jury Trial** | No | |

**Plaintiff**
Barbara Cordi-Allen
143 Ardsley Road
Longmeadow, MA 01106
Active 02/08/2005

**Private Counsel 636200**
Paul Revere III
226 River View Lane
Centerville, MA 02630
Phone: 508-778-7126
Fax: 508-778-7126
Active 02/08/2005 Notify

**Plaintiff**
John Allen
143 Ardsley Road
Longmeadow, MA 01106
Active 02/08/2005

**Defendant**
Truro Zoning Board of Appeals
Served: 02/24/2005
Served (answr pending) 02/24/2005

**Private Counsel 554623**
Deborah I Ecker
Brody Hardoon Perkins & Kesten
1 Exeter Plaza
12th floor
Boston, MA 02116
Phone: 617-880-7100
Fax: 617-880-7171
Active 02/25/2005 Notify

**Defendant**
Town of Truro
Town Hall Road
Served: 02/24/2005
Served (answr pending) 02/24/2005

*** See Attorney Information Above ***

**Commonwealth of Massachusetts**
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

## BACV2005-00080
## Cordi-Allen et al v Truro Zoning Board of Appeals et al

| Defendant | *** See Attorney Information Above *** |
|---|---|
| Brooke Newman<br>273 Roaring Fork Drive<br>Aspen, CO 81611<br>Served: 02/24/2005<br>Served (answr pending) 02/24/2005 | |
| | **Private Counsel 563018**<br>Julie Pruitt Barry<br>Nutter McClennen & Fish<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210-2604<br>Phone: 617-439-2000<br>Fax: 617-310-9000<br>Active 03/03/2005 Notify |

| Date | Paper | Text |
|---|---|---|
| 02/08/2005 | 1.0 | Appeal from Truro, MA Zoning Board filed |
| 02/08/2005 | | Origin 1, Type C02, Track F, copy faxed to atty |
| 02/08/2005 | | Filing fee paid in the amount of $275.00 including $15.00 surcharge and $20.00 security fee. |
| 02/24/2005 | 2.0 | AFFIDAVIT of notice of service pursuant to G.L. c. 40A, sec 17 |
| 02/25/2005 | 3.0 | NOTICE: defendants' of removal to the United States District Court |
| 03/03/2005 | 4.0 | APPEARANCE: Atty Julie Pruitt Barry's notice of appearance for defendant Brooke Newman |
| 03/14/2005 | | Case REMOVED this date to US District Court of Massachusetts |

| Date | Session | Event | Result |
|---|---|---|---|
| 02/25/2005 | Civil A- Barnstable Superior Court | Status: administrative<br>left mess with DE - need $39.50 to send copies | Event held as scheduled |

| CIVIL ACTION COVER SHEET | 05-80 | Trial Court of Massachusetts Superior Court Department County: SUPERIOR COURT BARNSTABLE SS |
|---|---|---|

| PLAINTIFF(S) Barbara Cordin Allen, John Allen | DEFENDANT(S) Truro ZBA, Town of Truro, Brooke Newman    FILED FEB 0 8 2005 |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 508-778-7126 Paul Revere, III   226 River Veiw Dr. Centerville, MA 02632 | ATTORNEY (if known) Sarah Turano-Flores 2 issent Veara (Town of Truro) |
| Board of Bar Overseers number: 636200 | (Task Richard Johnson Nortte McClennen (Clerk)) (Brooke Newman) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

C02    Zoning Appeal    (F)    ( ) Yes    (X) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses ................................................ $ ..........
2.  Total Doctor expenses ................................................. $ ..........
3.  Total chiropractic expenses ........................................... $ ..........
4.  Total physical therapy expenses ...................................... $ ..........
5.  Total other expenses (describe) ...................................... $ ..........
                                                          Subtotal $ ..........
B.  Documented lost wages and compensation to date ...................... $ ..........
C.  Documented property damages to date ................................. $ ..........
D.  Reasonably anticipated future medical and hospital expenses ......... $ ..........
E.  Reasonably anticipated lost wages .................................... $ ..........
F.  Other documented items of damages (describe)

                                                          $ ..........
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                          $ ..........
                                                          TOTAL $ ..........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                          TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT Barnstable 01-347, Suffolk 01-2419F, Barnstable 03-404

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 2/8/05

6 mtc005-11/99
2. 1-2000

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
BARNSTABLE SS

FILED    FEB 0 8 2005

_____ Clerk

BARNSTABLE, ss.

SUPERIOR COURT
CIVIL ACTION NO. 05-80

_____
                                    )
Barbara Cordi-Allen and John Allen  )
                                    )
         Plaintiffs                 )
                                    )
v.                                  )
                                    )
Joseph R. Conlon, Arthur F. Hultin, )
Norman H. Pope, Keith S. Althaus, and )
Marinna Matricardi as They are      )
 Members And Are Collectively       )
the Truro Zoning Board of Appeals,  )
Brooke Newman, and the Town of      )
Truro, Massachusetts                )
                                    )
         Defendants                 )
_____)

```
6040A000002/08/05CIVIL ENTR   240.00
6040A000002/08/05SURCHARGE     15.00
6040A000002/08/05SECC          10.00
6040A000002/08/05SUMMONS        5.00
```

## COMPLAINT

This action involves an appeal by Plaintiff Barbara Cordi-Allen of a decision of the Town of Truro Zoning Board of Appeals denying Ms. Cordi-Allen's request for revocation of a building permit and enforcement of the Town of Truro's Zoning Bylaw against the Defendant Brooke Newman. In addition, Plaintiff John Allen and Barbara Cordi-Allen (collectively the "Allens") also seek a judgment that the Town of Truro acted improperly and beyond its statutory and constitutional authority in taking certain land of the Allens in the Pamet Harbor area of Truro and have violated the Allens due process and equal protection rights in a concerted effort by the Boards, Commissions, and other agencies of the Town of prevent the Allens from developing in their waterfront property.

## JURISDICTION

2.    This court has jurisdiction pursuant to M.G.L. ch. 40A, Sec. 17, M.G.L. ch. 212, Sec. 4; M.G.L. ch. 214, Sec. 1; M.G.L. ch. 231A, Sec. 1; M.G.L. ch. 79, Sec. 14, 28 U.S.C. 1983, and M.G. L. c. 12, §§ 11H, 11I..

## PARTIES

3.    Plaintiff, Barbara Cordi-Allen, is a person and has an address of 143 Ardsley Road, Longmeadow, Massachusetts 01106.

4.    Plaintiff John Allen is a person and has an address of 143 Ardsley Road, Longmeadow, Massachusetts 01106.

5.    The Defendant Joseph R. Conlon, is a person with an address of 408 Route 6, Truro, Massachusetts and a member of the Truro Zoning Board of Appeals.

6.    The Defendant Arthur F. Hultin is a person with an address of 11 Lawrence Way, Truro, Massachusetts and a member of the Truro Zoning Board of Appeals.

7.    The Defendant Norman H. Pope is a person with an address of 5 Collins Road, Truro, Massachusetts and a member of the Truro Zoning Board of Appeals.

8.    The Defendant Keith S. Althaus, is a person with an address of 46 Shore Road, Truro, Massachusetts and a member of the Truro Zoning Board of Appeals.

9.    The Defendant Marinna Matricardi is a person with an address of 24 Fisherman's Road, Truro, Massachusetts and a member of the Truro Zoning Board of

that : (i) the Chairman pressured the Town Administrator to write the letter after the harbormaster originally refused to do so; and (ii) the harbormaster signed a similar matter in "a moment of weakness" when he believed that he would not obtain a raise if he refused to write a letter in opposition.

17.    When these allegations were revealed, the Town of Truro selectman refused to accept the resignations of Pamet Harbor Commission members and went so far as to criticize the harbormaster for his actions.

18.    In April, 1997, the Allens requested variances from the Truro Board of Health for the construction of a new septic system on the Property which was denied by the Board of Health.

19.    Concurrently, the Allens had filed a two notices of intent with the Truro Conservation Commission in 1996, to obtain an order of conditions to construct: (i) the septic system and a larger house on the property; and (ii) a pier which reached to navigable water at mean low water on their property.

20.    The Town of Truro Conservation Commission refused to take any action on either notice of intent.

21.    In October, 1997, the Town Administrator issued a memorandum to all town boards warning the Boards to be cautious in dealing with the Allens.

22.    The letter stated that he would not speak with the Allens without witnesses present and stated that the Boards should act similarly.

*4*

23.    The letter also directed the Boards and Commisisons in contravention to public records laws to not release information to the Allens or their attorneys and required that any from the Allens request be handled by the Town's attorneys.

24.    In 1998, Defendant Brooke Newman purchased 3 Yacht Club Road which was adjacent to the Property.

25.    In May, 1998, the Truro Conservation Commission issued an order of conditions allowing Ms. Newman to relocate and expand her home at 3 Yacht Club Road which showed a limited amount of "fill" being place on the property and raising the maximum elevation of the land near the home to elevation 12.0 NGVD and no placement of rocks, construction of a fence, or planting or trees..

26.    In August, 1998, the Conservation Commission approved one and possibly two revised plans for the Defendant Newman which showed a different location for the home and a replacement septic system.

27.    Again, only a limited amount of "fill" was to be brought to the property primarily adjacent to the dwelling and in no case higher than elevation 12.0 NGVD and no placement of rocks, construction of a fence, or planting or trees..

28.    On or about October 28, 1998, the Building Department of the Town of Truro issued a building permit for construction on Brooke Newman's property at 3 Yacht Club Road without requiring Ms. Newman to obtain a special permit or a variance.

29.    The permit was based upon a plan that required the use of "breakaway panels" to meet flood zone requirements.

30.    In late February, 1999, the Conservation Commission approved a revised plan for the Newman home which raised the exit pipe for the septic system to a height of 12.8 feet.

31.    Again, only a limited amount of "fill" was to be brought to the property primarily adjacent to the dwelling and in no case higher than elevation 12.0 NGVD and no placement of rocks, construction of a fence, or planting or trees.

32.    After approval of the revised plan in late February, 1999, construction began on Ms. Newman's home at 3 Yacht Club Road.

33.    The construction, however, was not completed in compliance with approved plans in areas subject to Commission jurisdiction as: (i) the foundation did not have breakaway panels; (ii) fill was brought on to the property to at least elevation 13.5 to cover the outlet to the septic tank from the home; (iii) large rocks were brought onto the property which were not shown on any plan; (iv) a fence was constructed; (v) an overhanging roof was constructed; and (vi) while Newman had informed the Conservation Commission that she would only plant "native grasses", Ms. Newman planted numerous trees and shrubbery.

34.    Recognizing the Conservation Commission and Board of Health acted nearly immediately on any application of Ms. Newman, but such Boards simply failed to act when the Allens submitted applications, the Allens requested that the Department of

Environmental Protection ("DEP") issue Superseding Orders of Conditions for the Allens proposed house, septic system, and pier in November, 1998.

35. The Southeast Regional Office of DEP accepted the Allens request to consider the issuance of a Superseding Order of Conditions in January, 1999.

36. An on-site meeting was held by DEP in early, 1999 to "evaluate" the Allens project in 1999.

37. At the on-site meeting, DEP and members of the Truro Conservation Commission observed individuals excavating and repairing the septic system for the adjacent Pamet Harbor Yacht Club.

38. No permits were obtained for such work, but no enforcement action was initiated against teh Yacht Club.

39. DEP staff and the Truro Conservation Commission observed the conditions on the adjacent Newman property including that the property had only a few shrubs and beach grass present.

40. In 1999, the Barnstable Superior Court ruled that the Truro Board of Health acted arbitrarily and capriciously when it failed to act on the Allens septic variance application within 45 days of receipt and then attempted to deny that application after expiration of the 45 day time period to act in M.G.L. ch. 11, Sec. 31E.

41. Having obtained their variances, the Allens applied in June, 1999, for DEP

7

approval of the variance to construct a system without a "reserve area" as required by DEP regulations.

42.     The plan submitted by the Allens to DEP contained the same wetland resource areas (coastal bank and land subject to coastal storm flowage) in the same locations as were found by DEP in 1993 when it rejected a contention by the Truro Conservation Commission that the Property contained a "coastal dune."

43.     On January 18, 2000, by letter from Elizabeth Kouloheras, the Southeast Regional Office of DEP issued a variance to construct the septic system proposed by the Allens.

44.     No party appealed DEP's decision to issue the variance.

45.     On June 8, 2000, by letter from Elizabeth Kouloheras, the Southeast Regional Office of DEP issued two superseding orders of conditions authorizing the Allens' house, septic system and pier.

46.     The DEP concluded that the Property did not contain a "coastal dune" and authorized the construction of septic system on it.

47.     In June, 2000, the Town of Truro and the Pamet Harbor Yacht Club requested an adjudicatory hearing on the two Superseding Ordes of Conditions issued by DEP alleging that the Allens' property contains a "coastal dune."

48.     In November, 2000, a prehearing conference was scheduled for the appeals of

the superseding orders of conditions.

49.    At this time, Brooke Newman filed a motion to intervene in the proceeding which was ultimately granted and alleged that there existed a "coastal dune" on both the Property and her adjacent property.

50.    The allegation was somewhat perplexing as Ms. Newman never showed a coastal dune on any of her filings with the Truro Conservation nor does the development of her property comply with the performance standards for "coastal dunes"

51.    From 1996 to this time period, numerous meetings were held with DEP and the U.S. Army Corps of Engineers regarding the M.G.L. ch. 91 license application and a related permit application for the Allens' proposed pier extension.

52.    At these meetings, DEP informed the Army Corps that it intended to issue the M.G.L. ch. 91 permit to the Allens.

53.    Notwithstanding these statements, the DEP issued a notice of denial of the M.G.L. ch. 91 license to the Allens on November 30, 2000, for which the Allens requested an adjudicatory hearing before DEP.

54.    In early 2001, the Health Agent of the Town of Truro insisted that the Allens modify the DEP septic variance because the building and landscaping on the Superseding Order of Conditions plan differed from that in the DEP septic variance.

55.    In response, the Allens requested that the DEP variance be modified to incorporate the building and landscaping changes and DEP issued an amended variance in April, 2001.

56.    The Plaintiff Town of Truro then filed an M.G.L. ch. 30A, Sec. 14 appeal in Barnstable County Superior Court (No. 01-347) challenging this decision.

57.    Contemporaneously, Brooke Newman filed a similar appeal in Suffolk County Superior Court (No. 01-2419F).

58.    In October, 2001, the Allens wrote to the Truro Harbormaster with a copy to Town Counsel, which complained that boats were being moored on town authorized moorings on the Allens tidal flats (i.e., land owned by the Allens between mean high and mean low water).

59.    In late January, 2002, the Allens learned that the Town of Truro intended to take the tidal flats on their property and adjacent land owners by eminent domain.

60.    The purpose of this action was to prevent the Allens from constructing their proposed pier and to eliminate their complaints regarding the Town using the flats for moorings and was done to benfit the Pamet Harbor Yacht Club.

61.    The Order of Taking was recorded in the Barnstable Registry of Deeds on February 15, 2002.

62.    The Allens were offered a payment of $2,500 for the land which was the lowest

of any property owners and approximately ten percent of the amounts paid to their residential neighbors including Ms. Newman.

63.    The purported reason for the lesser payment was that the Allens retained an easement in the location of an existing dilapidated pier which only reaches the water during less than one quarter of the tidal cycle and serves no purpose other than as a viewing platform.

64.    In April and May of 2002, Town Counsel wrote to the Allens and stated that the Allens probably required a variance from the zoning bylaw to expand their home or, at a minimum, a special permit, even though no neighbors had been required to do so for their expansions.

65.    In April, 2003, the Town of Truro filed a motion to remand its Barnstable Superior Court action on the DEP septic variance modification arguing that the Property contains a septic system located within a "coastal dune" even though its Boards have never applied coastal dune standards to any property in the area

66.    That motion was denied as it was unsupported by affidavits.

67.    In early, 2004, the Town renewed its motion to remand (which remains pending) arguing that the Allens misled regulatory authorities in not showing a "coastal dune" on the Property when in fact the Allens showed wetland resources that had been approved by DEP in 1993 when the DEP rejected the Truro Conservation Commissions' argument that the Property contained a "coastal dune."

68.    In May, 2004, the Allens requested that the Conservation Commission initiate enforcement against Brooke Newman for failure to comply with the terms of her order of conditions and failing to comply with "coastal dune" performance standards which the Commission wished to have applied to the adjacent Allen Property.

69.    The information submitted to the Commission during 2004 demonstrated that Ms. Newman: (i) placed more than two feet of additional fill on her property which was not shown in any plan; (ii) planted trees and constructed a fence which were not shown on her plans and were inconsistent with the representation that only "native grasses" would be planted in her notices of intent; (iii) placed large boulders onto the property; and (iv) took other actions which did not comply with coastal dune performance standards even though Ms. Newman has alleged that her property and Ms. Cordi-Allens contain a "coastal dune."

70.    Even though these actions were wholly inconsistent with the plan approved for Ms. Newman's property, the Commission voted to issue a certificate of compliance that the work performed by Ms. Newman was in "substantial compliance" with her approved plans.

71.    With respect to the allegations regarding "coastal dunes," the Commission stated that they would not apply coastal dune standards to the Newman property.

72.    In July, 2004, the Pamet Harbor Yacht Club constructed, among other things, a stairway across the beach and installed propane gas tanks in the flood plain without obtaining Truro Conservation Commission approval.

73. No enforcement action has been taken against the Yacht Club for such actions.

74. The Pamet Yacht Club has been serving food at its premises in the Summer and Fall of 2004 without obtaining the proper food service permits.

75. Such information is widely known and has been published in the Cape Cod Times, but no enforcement action has been taken.

76. In July, 2004, the Allens requested authority to install floats off of the "viewing platform" in pier easement area.

77. Town counsel responded that such licenses would not be issued as the Town owned the tidelands in which they would be located.

78. However, the Town of Truro has licensed for at least two years floats of the Pamet Harbor Yacht Club which extend beyond their easement.

79. By letter dated July 26, 2004, Barbara Cordi-Allen requested that the Building Commissioner revoke the building permit issued to Brooke Newman as she had not obtained a special permit or variance.

80. The request cited letters to the Allens' counsel from town counsel stating that the Allens required a variance or special permit.

81. The Building Commissioner failed to respond within the statutorily required 14 day period.

82.    Finally, after numerous telephone calls to town counsel, the Building Commissioner issued a letter on October 19, 2004, denying the request and essentially stating that his predecessor must have found that a special permit or variance was not required.

83.    On October 27, 2004, Barbara Cordi-Allen filed an appeal of that decision with the Truro Zoning Board of Appeals and filed a notice with the Barnstable County Registry of Deeds on the following day.

84.    Even though the Building Commissioner waited nearly three months to respond, town counsel quickly informed the Truro Zoning Board of Appeals that the appeal was untimely because the appeal had not been filed in Superior Court by October 28, 2004, citing a case that does not even address the issue of whether a timely filed administrative proceeding may continue.

85.    The Truro Zoning Board of Appeals held a public hearing in December, 2004, and again on January 10, 2005.

86.    On January 19, 2005, a decision was filed with the Truro Town Clerk denying Ms. Cordi-Allen's appeal. (copy attached as Exhibit One).

87.    The decision simply holds without findings that the Building Commissioner acted properly in issuing the building permit and that the appeal was untimely.

88.    Plaintiff Barbara Cordi-Allen is aggrieved by the decision of the Truro Zoning

*14*

Board of Appeals.

## COUNT I

### Appeal of Zoning Board of Appeals Decision
### M.G.L. ch. 40a, Sec. 17

89.    Plaintiff Barbara Cordi-Allen repeats the allegations in paragraphs 1 through 88 set forth above and further alleges as follows.

90.    The Zoning Board of Appeals' decision was not supported by the facts or law.

91.    The issuance of the building permit to Brooke Newman without a variance or special permit exceeded the authority of the Building Commissioner.

92.    The Zoning Board of Appeals' decision was arbitrary and capricious, constituted an error of law, constituted an abuse of discretion, exceeded the authority of the Commission, was against the weight of evidence presented at the public hearing, and was otherwise unlawful.

WHEREFORE, Barbara Cordi-Allen requests that this court enter judgment as follows:

    a.    That the decision of the Zoning Board of Appeals was:

        i.    in excess of the Commission's authority or jurisdiction,

        ii.    based upon error of law,

        iii.    made upon unlawful procedure, and/or

        iv.    is unsupported by factual evidence.

    b.    Issue an Order:

        i.    reversing the decision,

*15*

ii.     requiring that the Zoning Board of Appeals enforce the Zoning Bylaw against Ms. Newman;

c.      Provide such other relief as this court deems meet and just under the circumstances.

## COUNT II

### Federal Civil Rights -- 28 U.S.C. 1983

93.     Plaintiffs John Allen and Barbara Cordi-Allen repeat the allegations in paragraphs 1 through 92 set forth above and further allege as follows.

94.     Barbara Cordi-Allen is an American citizen of Lebanese descent.

95.     John Allen is Ms. Cordi-Allens' husband.

96.     The Allens have been discriminated against due to Ms. Allens' national origin in that the Town of Truro has applied differing standards to the applications for regulatory permits to the Allens than they have applied to others of non-Lebanese descent resulting in a violation of the equal protection and due process rights of the Allens.

97.     The actions of the Town of Truro have been irrational and wholly arbitrary resulting in a violation of the equal protection and due process rights of the Allens.

98.     The actions of the Town of Truro and its various boards are intentional and occur under color of state law.

99.     The Allens have been unable to develop the Property to the extent allowed by

*16*

law and have lost their full use and enjoyment of the Property and have been required to incur attorneys fees and other costs resulting in damages in excess of $5,000,000.00.

99.     The actions of the Town of Truro have been intentional discrimination and are intended to protect the interests of the Pamet Harbor Yacht Club and its members who include many of the most influential citizens of Truro.

100.     Such actions entitle the Allens to punitive damages and the Allens request that such damages be allowed in an amount up to three times the actual damages of the Allens.

101.     The actions of the Town of Truro have resulted in a temporary taking of the Allens property.

102.     The Town of Truro and its Boards have violated the civil rights of Allens protected by the United States Constitution.

103.     Defendant Town of Truro is liable for the damages incurred by the Plaintiffs caused by its and its Boards' or Commissions' violation of the Allens' civil rights.

WHEREFORE, Allens requests that this court enter judgment that:

    a.     The actions of the Defendant Truro and its Boards and Commissions violated federal protected civil rights of the Allens;

    b.     The Allens are entitled to compensatory and punitive damages of

at least 20 million dollars;

c.     Award attorneys fees to the Allens as provided in 28 U.S.C. 1983; and

d.     Providing such other relief as this court deems meet and just under the circumstances.

## COUNT III

### State Civil Rights -- M.G. L. c. 12, §§ 11H, 11I

104.  Plaintiffs John Allen and Barbara Cordi-Allen repeat the allegations in paragraphs 1 through 104 set forth above and further alleges as follows.

105.  Barbara Cordi-Allen is an American citizen of Lebanese descent.

106.  John Allen is Ms. Cordi-Allens' husband.

107.  The Allens have been discriminated against due to Ms. Allens' national origin in that the Town of Truro has applied differing standards to the applications for regulatory permits to the Allens than they have applied to others of non-Lebanese descent resulting in a violation of the equal protection and due process rights of the Allens.

108.  The actions of the Town of Truro have been irrational and wholly arbitrary resulting in a violation of the equal protection and due process rights of the Allens.

109.  The Plaintiffs attempts to exercise the rights have been interfered with by the Town of Truro and that interference has been through the use of threats, coercion and

*18*

intimidation.

110.   The Allens have been unable to develop the Property to the extent allowed by law and have lost their full use and enjoyment of the Property and have been required to incur attorneys fees and other costs resulting in damages in excess of $5,000,000.00.

111.   The actions of the Town of Truro have been intentional discrimination and are intended to protect the interests of the Pamet Harbor Yacht Club and its members who include many of the most influential citizens of Truro.

112.   Such actions entitle the Allens to punitive damages and the Allens request that such damages be allowed in an amount up to three times the actual damages of the Allens.

113.   The actions of the Town of Truro have resulted in a temporary taking of the Allens property.

114.   The Town of Truro and its Boards have violated the civil rights of Allens protected by the Massachusetts Constitution.

115.   Defendant Town of Truro is liable for the damages incurred by the Plaintiffs caused by its and its Boards' or Commissions' violation of the Allens' civil rights.

WHEREFORE, Allens requests that this court enter judgment that:

      a.    The actions of the Defendant Truro and its Boards and

Commissions violated state protected civil rights of the Allens;

b.      The Allens are entitled to compensatory and punitive damages of at least 20 million dollars;

c.      Award attorneys fees to the Allens as provided in M.G.L. ch. 12, Sec. 11H, and 11I; and

d.      Providing such other relief as this court deems meet and just under the circumstances.

## COUNT IV

## Reversal of Eminent Domain

116.   Plaintiffs John Allen and Barbara Cordi-Allen repeat the allegations in paragraphs 1 through 115 set forth above and further alleges as follows.

117.   The Allens "flats" and tideland property was taken in violation of the United States and Massachusetts Constitution.

118.   The taking by eminent domain did not serve a public purpose, but rather was undertaken to transfer control over those flats and tidelands for the private use of the Pamet Harbor Yacht Club.

WHEREFORE, Allens requests that this court enter judgment that:

a.      That the eminent domain taking was:

    i.      in violation of constitutional provisions,

ii.    in excess of the Commission's authority or jurisdiction,

iii.    based upon error of law,

iv.    made upon unlawful procedure, and/or

v.    is unsupported by factual evidence.

b.    Issue an Order reversing the eminent domain taking of the Allens tidelands; and

c.    Provide such other relief as this court deems meet and just under the circumstances.

## Count V - Declaratory Judgment

119.    Plaintiffs repeat the allegations in paragraphs 1 through 118 set forth above and further allege as follows.

120.    There exists a controversy between the Plaintiffs and the Defendant Town of Truro regarding the Property and whether the Town violated the Allens constitutionally protected rights.

121.    The Plaintiffs seek a declaration that the Town of Truro and its Boards and Commissions have violated the constitutionally protected rights:

WHEREFORE, Allens requests that this court enter judgment that:

a.    the Town of Truro and its Boards and Commissions have violated the constitutionally protected rights of the Allens; and/or

21

b.     for such other declaratory relief as may be necessary to protect such rights.

Respectfully Submitted,

Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02630
(508) 778-7126

Dated: February 8, 2005

22

**EXHIBIT ONE**

## DECISION OF THE BOARD OF APPEALS OF TRURO, MASSACHUSETTS

Property Owner(s) and/or **Applicant(s):**  Barbara Cordi-Allen, (by agt/atty Paul Revere, III)

Property Location:___ 3 Yacht Club Rd.

Atlas Sheet:___50___ Parcel:___20___ (Ref. 2004-014ZBA) Hearing Date:__Monday, January 10, 2005 (as continued

from the Meeting of Monday, December 6, 2004.)

|                                      |   |            |     |            |   |
|--------------------------------------|---|------------|-----|------------|---|
| Special Permit                       | ☐ | Vote:      |_5_  | Approve    | ☒ |
| Variance                             | ☐ |            |_0_  | Disapprove | ☐ |
| Building Commissioner Decision       | ☐ |            |     | Abstain    | ☐ |
| Other                                | ☒ | (Unanimous vote on Motion to Deny the application) |

**Motion (Conlon; 2nd Pope):**  I hereby Move to Deny the application of Barbara Cordi-Allen, appealing the decision of the Building Commissioner dated October 19, 2004 upholding the issuance of a building permit on October 28, 1998 for property owned by Brooke Newman, Located at 3 Yacht Club Rd (Atlas Sheet 50, Parcel 20)[2004-014/ZBA], on the following grounds:

1) The Building Commissioner was fully authorized to issue the building permit to Ms. Newman pursuant to the provisions of Section VIII-B.2 of the former Truro Zoning Bylaws because Ms. Newman's project involved the alteration of a pre-existing, non-conforming structure and Section VIII-B.2 authorized the Building Inspector to approve and issue a building permit for a proposed repair, reconstruction, alteration or structural change of a pre-existing, non-conforming single-family structure if the Building Commissioner determines that the proposal will not be "substantially more detrimental to its neighborhood than the existing nonconforming structure and will not increase the nature or extent of the nonconformity;"

2) The appeal is untimely pursuant to the provisions of General Laws, Chapter 40A, Section 7 because the subject building permit was issued and the land improved over six (6) years ago, and therefore, the issue presently on appeal, namely whether the Building Commissioner acted within his authority on October 28, 1998, is now time-barred and moot.

I hereby certify this as a true and accurate record of the Board of Appeals.

_____          _____January 19 2005_____
Signature                                         Date

Received, Office of the Town Clerk:

_____          _____January 19, 2005_____
Signature                                         Date

_____

I hereby certify that this decision was filed with the Office of the Town Clerk on _____ and 20 (twenty) days have elapsed since the date of filing, and no appeal has been filed.

_____          _____
Signature                                Date

NOTE: Any person aggrieved by a decision of the Zoning Board of Appeals may appeal to the Superior or Land Court by bringing action within twenty days after the decision has been filed with the Town Clerk of Truro. (Massachusetts General Laws, Chapter 40A, Section 17.)

**A COPY OF THIS DECISION MUST BE FILED WITH THE REGISTER OF DEEDS OF BARNSTABLE COUNTY BY THE APPLICANT**

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
BARNSTABLE SS
FILED  FEB 2 4 2005
*Scott L. Nickerson* Clerk

BARNSTABLE, ss.

SUPERIOR COURT
CIVIL ACTION NO. 05-80

```
                                    )
Barbara Cordi-Allen and John Allen  )
                                    )
          Plaintiffs                )
                                    )
v.                                  )
                                    )
Joseph R. Conlon, Arthur F. Hultin, )
Norman H. Pope, Keith S. Althaus, and )
Marinna Matricardi as They are      )
 Members And Are Collectively       )
the Truro Zoning Board of Appeals,  )
Brooke Newman, and the Town of      )
Truro, Massachusetts                )
                                    )
          Defendants                )
                                    )
```

### PROOF OF SERVICE AFFIDAVIT
### OF PAUL REVERE, III
### (M.G.L. ch. 40A, Sec. 17)

1.      I, Paul Revere, III, Esq., make this affidavit based upon my personal knowledge and, if sworn as a witness, I can testify to the facts stated herein.

2.      On February 8, 2005, I filed the complaint in the above captioned matter on behalf of Barbara Cordi-Allen with the Clerk of the Barnstable Superior Court by hand delivery challenging a decision of the Zoning Board of Appeals of Truro in Count I.

3.      In accordance with M.G.L. ch. 40A, Sec. 17, I also delivered a notice of appeal and a copy of the complaint by hand delivery to the Town Clerk for the Town of Truro on February 8, 2005.

*1*

4.    A date stamped copy of the notice of appeal is attached as Exhibit One.

5.    In accordance with M.G.L. ch. 40A, Sec. 17, I sent a summons, tracking order, notice of appeal, civil action cover sheet, and a copy of the complaint in this matter to each individual defendant member of the Truro Zoning Board of Appeals and teh Defendant Brooke Newman by certified mail.

6.    Copies of the certified mail receipts are attached as Exhibit Two.

Signed under pains and penalties of perjury.

Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02630
(508) 778-7126

Date:  February 18, 2005

2

**EXHIBIT ONE**

3

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT
CIVIL ACTION NO. ~~CA~~
05-80

————————————————

)
Barbara Cordi-Allen and John Allen    )
)
　　　Plaintiffs    )
)
v.    )
)
Joseph R. Conlon, Arthur F. Hultin,    )
Norman H. Pope, Keith S. Althaus, and )
Marinna Matricardi as They are    )
Members And Are Collectively    )
the Truro Zoning Board of Appeals,    )
Brooke Newman, and the Town of    )
Truro, Massachusetts    )
)
　　　Defendants    )

————————————————)

## NOTICE OF APPEAL

The Plaintiff in the above captioned matter hereby gives notice pursuant to M.G.L. ch. 40A, Sec. 17, to the Town Clerk of the Town of Truro that a complaint was filed seeking review of a January 19, 2005, decision of the Truro Zoning Board of Appeals and that such complaint was filed on February 8, 2005.  A copy of said complaint is attached.

Respectfully Submitted,

Paul Revere, III
(BBO #636200)
Law Offices of Paul Revere, III
226 River View Lane
Centerville, Massachusetts 02630
(508) 778-7126

Dated: February 8, 2005

Office of Town Clerk
Treasurer – Tax Collector

FEB - 8 2005
@ 3:33 PM
Received TOWN OF TRURO
By

**EXHIBIT TWO**

*4*

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 1.52 | UNIT ID: 0601 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | Clerk: BTPRPO |
| Restricted Delivery Fee (Endorsement Required) | | 02/18/05 |
| Total Postage & Fees | $ 3.82 | |

Sent To Brooke Newman
Street, Apt. No.; or PO Box No. 273 Roaring Fork Dr.
City, State, ZIP+4 Aspen, CO 81611

PS Form 3800, June 2002          See Reverse for Instructions

7003 3110 0000 5874 3327

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 1.29 | UNIT ID: 0601 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | Clerk: BTPRPO |
| Restricted Delivery Fee (Endorsement Required) | | 02/18/05 |
| Total Postage & Fees | $ 3.59 | |

Sent To Joseph R. Cowlow
Street, Apt. No.; or PO Box No. 408 Route 6
City, State, ZIP+4 Truro, MA 02666

PS Form 3800, June 2002          See Reverse for Instructions

7003 3110 0000 5874 3273

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 1.52 | UNIT ID: 0601 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | Clerk: DGF1DO |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 3.82 | |

Sent To Arthur F. Hulton
Street, Apt. No.; or PO Box No. 11 Lawrence Way
City, State, ZIP+4 Truro, MA 02666

PS Form 3800, June 2002          See Reverse for Instructions

7003 3110 0000 5874 3280

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 1.52 | UNIT ID: 0601 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | Clerk: DGF1DO |
| Restricted Delivery Fee (Endorsement Required) | | 02/18/05 |
| Total Postage & Fees | $ 3.82 | |

Sent To Norman H. Pope
Street, Apt. No.; or PO Box No. 5 Collins Rd.
City, State, ZIP+4 Truro, MA 02666

PS Form 3800, June 2002          See Reverse for Instructions

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 1.52 | UNIT ID: 0601 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | Clerk: DGF1DO |
| Restricted Delivery Fee (Endorsement Required) | | 02/18/05 |
| Total Postage & Fees | $ 3.82 | |

Sent To Keith S. Althaus
Street, Apt. No.; or PO Box No. 46 Shore Rd.
City, State, ZIP+4 Truro, MA 02666

PS Form 3800, June 2002          See Reverse for Instructions

7003 3110 0000 5874 3303

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 1.52 | UNIT ID: 0601 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | Clerk: DGF1DO |
| Restricted Delivery Fee (Endorsement Required) | | 02/18/05 |
| Total Postage & Fees | $ 3.82 | |

Sent To Marino Matriccardi
Street, Apt. No.; or PO Box No. 24 Fisherman's Rd.
City, State, ZIP+4 Truro, MA 02666

PS Form 3800, June 2002          See Reverse for Instructions

7003 3110 0000 5874 3310

I HEREBY ATTEST AND CERTIFY ON 3-24-05
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

05 - 8 0

FILED
IN CLERKS OFFICE

2005 FEB 24  P 3: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

BARBARA CORDI-ALLEN AND JOHN ALLEN
Plaintiffs,

v.

JOSEPH R. CONLON, ARTHUR F. HUTLIN,
NORMAN H. POPE, KEITH S. ALTHAUS and
MARINNA MATRICARDI as they are members and are
collectively the TRURO ZONING BOARD OF
APPEALS, BROOKE NEWMAN, and the TOWN OF
TRURO, MASSACHUSETTS
Defendants,



SUPERIOR COURT
BARNSTABLE SS

FILED  FEB 2 5 2005

05 - 10370 PBS

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, Defendants petition for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the Defendants state as follows:

1.   On or about February 8, 2005, the Plaintiffs filed this suit in the Barnstable Superior Court, Civil Action No.: BACV2005-00080.

2.   On or about February 8, 2005 the Plaintiffs' Complaint was served upon the Defendant Town of Truro, Massachusetts. Attached as <u>Exhibit A</u> is a copy of the Plaintiffs' Complaint which was served upon the Defendant Town of Truro, Massachusetts.

3.   In their Complaint, the Plaintiffs allege [42] U.S.C. §1983 provides a cause of action in this matter because Ms. Cordi-Allen has been discriminated against because she is of Lebanese descent and because of her national origin the Defendant Town of Truro has "applied differing standards to the applications for regulatory permits to the Allens than they have

applied to others of non-Lebanese descent resulting in a violation of the

equal protection and due process rights of the Allens."

4.    Because this matter is an action arising under federal law of which this

Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is

subject to removal under 28 U.S.C. §1441(b).

5.    This Notice of Removal is being filed within the time period required by

law, 28 U.S.C. §1446(b).

Respectfully submitted,
The Defendants,
Joseph R. Conlon, Arthur F. Hultin, Norman
H. Pope, Keith S. Althaus and Marinna
Matricardi as they are members and are
collectively the Truro Zoning Board of
Appeals, and the Town of Truro,
Massachusetts
By their attorneys,


Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

DATED: February 24, 2005

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                         SUPERIOR COURT DEPARTMENT
                                        C.A. NO.: BACV2005-00080

BARBARA CORDI-ALLEN AND JOHN ALLEN
         Plaintiffs,

      v.

JOSEPH R. CONLON, ARTHUR F. HULTIN,
NORMAN H. POE, KEITH S. ALTHAUS AND
MARINNA MATRICARDI as they are members and
collectively the TRURO ZONING BOARD OF
APPEALS, BROOKE NEWMAN and the TOWN OF
TRURO, MASSACHUSETTS,
         Defendants,

## WRITTEN NOTICE OF REMOVAL TO
## FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of

the Commonwealth of Massachusetts, Barnstable County, to the United States District

Court for the District of Massachusetts (a copy of which Notice is filed herewith) was

duly filed on February 24, 2005 in the United States District Court for the District of

Massachusetts.  A copy of the Notice of Removal, certified by the United States District

Court for the District of Massachusetts, having been duly filed with the Clerk for the

Superior Court of the Commonwealth of Massachusetts, Barnstable County, in

accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein

unless and until the case is remanded.

Respectfully submitted,
The Defendants,
Joseph R. Conlon, Arthur F. Hutlin, Norman
H. Pope, Keith S. Althaus and Marina
Matricardi as they are Members and
Collectively the Truro Zoning Board of
Appeals and the Town of Truro, Massachusetts
By their attorneys,


_____
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

DATED: February 25, 2005