UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10370PBS

| | |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN  ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSEPH R. CONLON, ARTHUR F. HULTIN, ) | |
| NORMAN H. POPE, KEITH S. ALTHAUS, and ) | |
| MARINNA MATRICARDI as they are members ) | |
| and are collectively the TRURO ZONING ) | |
| BOARD OF APPEALS, BROOKE NEWMAN, ) | |
| and the TOWN OF TRURO, MASSACHUSETTS ) | |
| ) | |
|     Defendants. ) | |

## AFFIDAVIT OF BROOKE NEWMAN

I, Brooke Newman, depose and say:

1. I own the property at 3 Yacht Club Road, Truro, MA, which I purchased in 1998.

2. I have personal knowledge of the matters contained in this affidavit.

3. Since purchasing 3 Yacht Club Road, I have used it only as a single family residence. I spend significant time at my property during the summers months and occasionally during spring and fall, and have had numerous opportunities to observe the abutting properties, including plaintiffs' property at 5 Yacht Club Road.

4. My property abuts plaintiffs' property, however, my house is set considerably further back from the mean high water line than plaintiffs' property – approximately 150 feet further back.

- 2 -

5. The modifications to my residence that were approved by the building commissioner in 1998 caused my house to be relocated approximately 15 feet farther away from plaintiffs' property, and also reoriented my house resulting in more privacy for my house as well as for plaintiffs' house.

6. Based on my knowledge and observations, the modifications made to my house more than six years ago have had no impact upon plaintiffs' property or their residence, including that my house does not obstruct or in any way affect plaintiffs' views of the Pamet Harbor from their house or their property.

7. I have observed on at least 20 occasions over the last eight or more years, that plaintiffs' property is at least partially submerged during heavy rains, high tides, and intense storms. It is my understanding from conversations with local fishermen and others who spend time in Truro during the winter that plaintiffs' property is often submerged during winter storms and that seals are often seen on the property during winter. The seaweed and driftwood commonly seen around and even behind the plaintiffs' house similarly attest that seawater routinely submerges the property. Neither my property or the Landis' property abutting the other side of my property, which are set considerably further from the water than plaintiff's property, are affected by these events.

8. I have read plaintiffs' deposition transcripts. Plaintiff Barbara Cordi-Allen's allegations that my so-called relationship with then-building commissioner Stephen Williams led to the issuance of my building permit are completely false. I did not submit the building permit application to Mr. Williams, the contractor, Michael Maguire, did, which is indicated on the building permit. I do not have any relationship with Mr. Williams, social or otherwise. I have known Mr. Williams' father and mother for many years, and my brother's ex-wife had

a friendship with Mr. Williams' mother, but I have never had a friendship or any other relationship with Mr. Williams. If I saw him at the post office I would say "hello," but that is the extent of any interaction between us. I have no knowledge about his personal matters, including where he works, where he is lives, who he lives with, and so on, and, to the best of my knowledge, he does not know anything about my personal matters.

9. Ms. Cordi-Allen's allegations that I stole her trash and threw it in the woods behind the Yacht Club's property are also completely false. I have no reason to take such action, especially as I have a good relationship with the Yacht Club members and management. I understand that plaintiffs leave their garbage cans on the public road where the foxes can access them and then spread the contents around.

10. I have never discussed either my religious or ethnic background with plaintiffs.

11. On July 17, 2001, I filed a complaint in Suffolk Superior Court appealing the Title 5 variances granted to plaintiffs by the MA Department of Environmental Protection ("DEP") to develop, in addition to the existing one-bedroom structure on their property, an additional nine-room dwelling, excluding halls and foyers, resulting in at least four bedrooms (and perhaps as many as six) between the two dwellings. The proposed development, if allowed, would directly impact and harm my property and legal interests. Indeed, when plaintiffs' property was first put on the market, I was approached as a potential interested buyer, but given the one-bedroom restriction on the property I chose not to purchase the property.

12. To the best of my knowledge and belief, plaintiffs only appealed my building permit - six years after it was issued – filed complaints with the Conservation Commission and the Truro police, and filed this lawsuit against me solely in retaliation for my appeal of the

Truro police that Ms. Cordi-Allen filed against me, apparently over allegations concerning her trash barrels and my use of the common footpath to the water, which runs from the water to my property and the Landis' property. A true copy of the notice is attached to this affidavit. The footpath has existed for decades, which I recall from my visits to the area long before purchasing my property, and if any portion of the common footpath is on plaintiffs' property, it is only by a matter of inches. Given the closeness of the properties in the area, that could not be determined without a survey, which I understand from plaintiffs' deposition has not been performed.

13. I have also been told by several people in Truro that Ms. Cordi-Allen has said she would "bury me in legal fees" or anyone else who got in the way of her developing her property.

14. As a result of this lawsuit, I have incurred more than $50,000 in damages including attorneys fees and costs in defending against this case. I have also been injured and suffered damages as a direct result of the "Statement of Notice Under M.G.L. c. 40A, Sec. 7" that plaintiffs placed on the title to my property in the Barnstable Registry of Deeds, which has prevented me from being able to use my property as collateral, to obtain an equity line of credit, or to transfer my property.

Signed under the pains and penalties of perjury this _ day of May, 2006.

                                                                     /s/ Brooke Newman    5/25/06
                                                                  Brooke Newman

1532754.1