UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10370PBS

BARBARA CORDI-ALLEN, et al. )
)
       Plaintiffs )
)
v. )
)
Joseph Conlon, et al. )
)
       Defendants )

**RESPONSE TO TRURO DEFENDANTS STATEMENT OF UNDISPUTED FACTS**

1.  Admitted.

2.  Admitted.

3.  Admitted except that the building permit also allowed the addition of a second story. Defendants' Ex. 5 (building permit application).

4.  Admitted

5.  Admitted.

6.  Admitted

7. Admitted except to the extent the cited letter differs from these facts.

8. Admitted except to the extent the cited letter differs from these facts.

9. Admitted

10. Admitted.

11. Admitted.

12. Denied. Plaintiff Cordi-Allen states that the location of a building and septic within the flood zone with a solid foundation will have negative impacts her building. *See* Truro Defendants Exhibit 4, at pp. 23-25.

13. Admitted.

14. Admitted, but also that they qualify as a "class of one."

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted

21. Admitted

22. Admitted.

23. Admitted to the extent that it does not conflict with the letter.

24. Admitted.

25. Denied. Truro Defendants' Exhibit 4 (Deposition of Barbara Cordi-Allen), p. 228

26. Admitted

27. Admitted

28. Admitted

29. Admitted

30. Admitted

31. Admitted except to the extent that it conflicts with the decision which is Ex. 7 to the Affidavit of Paul Revere, III

32. Admitted

33. Denied because the document was a tentative denial and a revised plan resulted in a variance being approved on January 18, 2000, pursuant to the same request for variance. Ex. 8 to the Affidavit of Paul Revere, III, and further denied as there is no support for the proposition that the Board of Health received no further information.

34. Admitted. A copy is attached as Ex. 20 to the Affidavit of Paul Revere, III

35. Admitted except to the extent that it implies that these features did not exist on prior plans and further that the letter cited by the Truro Defendants is irrelevant to the house and septic construction which was DEP File No. SE 75-371, whereas the letter cited involves a superseding order of conditions to construct a pier at the property under DEP File No. SE75-459 (see Ex. 19).

36. Admitted, but not pursuant to the letter in Ex. 19.

37  Admitted, except that the civil action is an appeal of an Amended DEP Variance (Plaintiffs Exhibit 11) and the motion for remand was denied (Plaintiffs Ex. 13)

38. Admitted except to the extent it conflicts with the plan and further noting that the plan requires a foundation similar to that on the Newman property *Compare* Pajaron Affidavit at Exhibit E, Construction Note 2 and Plaintiffs Ex. 11 at Construction Note 7 and that the pool is not inground Plaintiffs Ex. 11 at Construction Note 10.

39. Admitted.

40. Admit that Ms. Cordi-Allen testified in her deposition to these properties, but deny that they are the only similarly situated properties.

41. Admitted.

42. Admitted

43. Admitted except to facts previously denied relating to foundation and the inclusion of a second story.

44. Admitted

45. Admitted

46.  Admitted

47.  Admitted

48.  Admitted, but note that the project includes retaining walls in a "coastal dune."

   Plaintiffs Ex. 24, p.-5-6

49.  Admitted.

50-53.  Admitted.

54.  Admitted except that the Pamet Yacht Club has a pier

55.  Admitted.

56.  Admitted.

                             Respectfully Submitted,

                             /s/ Paul Revere, III

                             Paul Revere, III
                             (BBO #636200)
                             Law Offices of Paul Revere, III
                             297 North Street, Suite 336
                             Hyannis, Massachusetts 02601
                             (508) 778-7126

Dated: June 16, 2006.

I certify that a copy of this brief was served on all counsel record on June 16, 2006.

Paul Revere, III