UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10370PBS

| | |
|---|---|
| BARBARA CORDI-ALLEN and JOHN ALLEN )<br>)<br>　　Plaintiffs, )<br>)<br>v. )<br>)<br>JOSEPH R. CONLON, ARTHUR F. HULTIN, )<br>NORMAN H. POPE, KEITH S. ALTHAUS, and )<br>MARINNA MATRICARDI as they are members )<br>and are collectively the TRURO ZONING )<br>BOARD OF APPEALS, BROOKE NEWMAN, )<br>and the TOWN OF TRURO, MASSACHUSETTS )<br>)<br>　　Defendants. ) | DEFENDANT BROOKE NEWMAN'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT[1] |

　　Defendant Brooke Newman hereby moves for leave to file a reply to plaintiffs' memorandum in opposition to Ms. Newman's motion for summary judgment. As grounds for this motion, Ms. Newman states the attached Reply Memorandum would be helpful to the Court because plaintiffs' opposition contains significant misrepresentations of law concerning the standard of review and the burden of proof. The short Reply Memorandum allows Ms. Newman to address these legal errors in order to assist the Court in its determination of the motion. As part of this, the Reply Memorandum provides the most recent law on the issue of standing, which was recently decided by the Supreme Judicial Court – after Ms. Newman's memorandum was filed on June 2, 2006. In <u>Standerwick v. Zoning Board of Appeals of Andover</u>, 447 Mass. 20, 2006 WL 1643356 (June 16, 2006), the SJC sets forth the standard of review and the evidentiary requirements for rebutting a presumption of standing in a zoning

---

[1] It is understood and acknowledged by all parties and expressly indicated in the papers served upon Ms. Newman that Count I is the only count of the complaint that concerns Ms. Newman.

appeal and in the context of a motion for summary judgment, which are directly relevant to this motion.  Contrary to plaintiffs' assertions, Ms. Newman has more than merely stated that plaintiffs do not have standing, she has also provided the evidence necessary to rebut plaintiffs through plaintiffs' own discovery responses and deposition testimony where they can point to no evidence to support their claims of aggrievement.  According to the SJC's decision in <u>Standerwick</u>, a party seeking summary judgment is entitled to rely on that fact, and may rebut a presumption of standing by seeking to discover from plaintiffs such evidence, as addressed in the attached Reply Memorandum.

WHEREFORE, Ms. Newman respectfully requests that this Court grant this motion and accept the filing of the Reply Memorandum attached hereto.

BROOKE NEWMAN

By her attorneys,

/s/ Julie Pruitt Barry
Julie Pruitt Barry (BBO #563018)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
617-439-2000

Dated:  June 23, 2006

1540258.1