UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-10370PBS

| | |
|---|---|
| BARBARA CORDI-ALLEN AND JOHN ALLEN,<br>　　　Plaintiffs,<br><br>VS.<br><br>JOSEPH R. CONLON, ARTHUR F. HUTLIN, NORMAN H. POPE, KEITH S. ALTHAUS, and MARINNA MATRICARDI as they are Members and collectively the TRURO ZONING BOARD OF APPEALS and THE TOWN OF TRURO, MASSACHUSETTS, AND BROOKE NEWMAN,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO STRIKE CERTAIN EXHIBITS AND REFERENCES THERETO FROM PLAINTIFFS' OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT

The defendants, Joseph R. Conlon, Arthur F. Hutlin, Norman H. Pope, Keith S. Althaus, and Marinna Matricardi as they are members and collectively the Truro Zoning Board of Appeals and the Town of Truro hereby request that this Court strike certain exhibits, and references thereto, from the Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. As grounds, the defendants state the following:

1. In many instances in their Opposition, the plaintiffs reference plans that they've attached to the Affidavit of their counsel and purport to interpret or describe those plans as "showing" various things.

2. Such instances include the following: page 2, reference to Exhibit 2 of Revere Affidavit; Page 5, reference to Exhibit 6 to Revere Affidavit; page 6, comparing Exhibits 10 and Exhibit 11; page 7, location of plaintiffs' float

system, page 9, references to Exhibits 2 and 6 to Revere Affidavit; page 10, purported description of plans in second paragraph.

3. Review of the plans themselves, however, do not support plaintiffs' contentions.

4. Further, at page 21, n. 5, the plaintiffs reference Exhibit 25 to the Revere Affidavit, claiming that this Exhibit reveals certain information as to four homes. In fact, Exhibit 25 contains only Tax Assessor data, and does not support plaintiffs' contentions.

5. Neither the plaintiffs nor their counsel are qualified to interpret or extrapolate from the plans or tax assessor data attached to the Revere Affidavit.

6. The plaintiffs have not submitted any expert testimony to such effect.

7. The defendants ask that this Court strike such unsupported and undocumented references and assertions, and the exhibits referenced as supposed support for the same, from Plaintiffs' Opposition, and disregard them.

8. The defendants also ask that this Court strike Exhibit 17 and all references thereto from Plaintiffs' Opposition, including at pages 7-8, because it contains newspaper articles which are hearsay and would be inadmissible at trial. See Horta v. Sullivan, 4 F.3d 2, 8-9 (1st Cir. 1993) (newspaper account relied upon by plaintiffs was **hearsay**, would be inadmissible at trial to establish the truth of the reported facts). Such material is not a proper part of the record for summary judgment purposes. Id.

WHEREFORE, the defendants ask that this Court allow their Motion to Strike.

                              Respectfully submitted,
                              The Defendants,
                              By their attorneys,

                              /s/ Deborah I. Ecker
                              Deborah Ecker, BB0#554623
                              Deidre Brennan Regan, BBO #552432
                              **BRODY, HARDOON, PERKINS & KESTEN, LLP**
                              One Exeter Plaza, 12th Floor
                              Boston, MA 02116
                              (617) 880-7100

Dated: June 26, 2006