UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-10370PBS

BARBARA CORDI-ALLEN AND
JOHN ALLEN,
          Plaintiffs,

VS.

JOSEPH R. CONLON, ARTHUR F. HUTLIN,
NORMAN H. POPE, KEITH S. ALTHAUS,
and MARINNA MATRICARDI as they are
Members and collectively the TRURO
ZONING BOARD OF APPEALS and THE
TOWN OF TRURO, MASSACHUSETTS,
AND BROOKE NEWMAN,
          Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

### DEFENDANTS' REPLY MEMORANDUM
### IN SUPPORT OF THEIR MOTION FOR
### SUMMARY JUDGMENT

The defendants, Joseph R. Conlon, Arthur F. Hutlin, Norman H. Pope, Keith S.

Althaus, and Marinna Matricardi as they are members and collectively the Truro

Zoning Board of Appeals and the Town of Truro submit this reply memorandum in

support of their motion for summary judgment to address certain issues presented by

and contentions raised in the plaintiffs' opposition to their motion.

### 1.  The Plaintiffs Have Not Identified Material Facts As to Which They Contend There Exists a Material Issues to Be Tried.

The plaintiffs have admitted all but three of the paragraphs in the defendants'

statement of facts. One of those three paragraphs, paragraph 12, however, pulls directly

from the depositions of the plaintiffs themselves, which are appended to the motion.

The other two paragraphs are not material to the summary judgment, and the plaintiffs'

denial thereof, even if accepted for purposes of the summary judgment motion, does

not alter the fact that summary judgment should enter in the defendants' favor.

Perhaps because they admit the material facts in defendants' statement, the plaintiffs do not set out their own concise statement of material facts as to which they contend there exists a genuine issue to be tried. While their opposition contains a "Facts" heading, that section repeatedly intersperses claimed "facts" along with legal argument.[1] This "Facts" section thus does not constitute a statement of facts that in any way counters the defendants' statement or their motion, but is more in the nature of an argument. There thus are no material facts in dispute.

Further, in many instances, the plaintiffs reference plans that they've attached to the Affidavit of their counsel and purport to interpret or describe them as "showing" various things. But, those claims are not supported by review of the plan itself, and it doesn't appear that their counsel is otherwise qualified to draw these interpretations or extrapolations from the plans.[2] The defendants have filed with this Reply a Motion to Strike these references and these exhibits.[3]

### 2. The Plaintiffs' Opposition Does Not State Any Reason Why the Defendants' Motion for Summary Judgment Should Not Be Granted.

According to Local Rule 7.1(B)(2), an opposition must state reasons, with citation of supporting authorities, why a motion should not be granted. Plaintiffs' opposition fails to set forth any such reasons.

### A. Plaintiffs Have Proffered No Evidence to Support a Claim of Aggrievement for Purposes of Chapter 40A.

---

[1]    See, e.g. page 3, first full par.; page 4, first full par.; page 5, note 1 and first full paragraph, page 7, both pars., page 8, referencing "purported reason" for action, page 9, second par.,  page 10, first and second full pars.; page 11, first and second full pars., page 12, all pars.

[2]    See, e.g. page 2, reference to Exhibit 2 of Revere Affidavit; Page 5, reference to Exhibit 6 to Revere Affidavit; page 6, comparing Exhibits 10 and Exhibit 11; page 7, location of plaintiffs' float system, page 9, references to Exhibits 2 and 6 to Revere Affidavit; page 10, purported description of plans in second paragraph.

[3]    Their motion to strike also encompasses the newspaper articles attached as Exhibit 17 to the Revere Affidavit, and relied on at pages 7-8 of Plaintiffs' Opposition.

Defendants, at page 10 of their memorandum, referenced and incorporated the arguments of defendant Brooke Newman on the plaintiffs' chapter 40A claim in their summary judgment memorandum. They likewise reference and incorporate by this reference, as if fully set forth herein, defendant Newman's arguments in her Reply Memorandum regarding the plaintiffs' failure to meet their burden of proving they have standing to appeal the decision of the Truro Zoning Board of Appeals. Defendants submit that the plaintiffs' opposition confirms they lack standing to bring a c. 40A claim.[4]

### B. The Plaintiffs' § 1983 Claim is Time-Barred.

The plaintiffs' argue that this Court should not consider the defendants' statute of limitations argument because they didn't raise it in their answer. While Rule 8(c) identifies the statute of limitations as an affirmative defense, the First Circuit recognizes that " '[w]hen there is no prejudice and when fairness dictates, the strictures of [the raise or waive] rule may be relaxed.' " Morales v. Instituto Comercial de Puerto Rico Junior College, 40 F. Supp. 2d 62, 65 (D.Puerto Rico 1999), aff'd 215 F.3d (1st Cir. 2000). This approach is in keeping with the liberal pleading regime prescribed by the Federal Rules of Civil Procedure and is consistent with the notice purpose of the rules. See Wolf v. Reliance Std. Life Ins. Co., 71 F.3d 444 (1st Cir. 1995) (purpose of Fed. R. Civ. P. 8(c) is to act as safeguard against surprise and unfair prejudice). Thus, an unpleaded affirmative defense may be asserted at a later stage of the proceedings if there is no

---

[4]    In addition, the defendants submit that the plaintiffs' argument as to the timing of their 40A claims does not cite any, and indeed overlooks, the case law. See Vokes v. Avery W. Lovell, Inc., 18 Mass. App. Ct. 471, 483, 468 N.E.2d 271 (1984) ("original building permit," for purposes of § 7 is permit authorizing construction); Cape Resort Hotels, inc. v. Alcoholic Licensing Bd. Of Falmouth, 385 Mass. 205, 217-218, 431 N.E.2d 213 (1982) (noting obvious intent of the Legislature to limit the time within which building permits could be attacked as issued in violation of a zoning regulation).

prejudice to the opposing party, the defense was raised at a pragmatically sufficient time or when justice so requires. See Marine Office of America Corp. v. Lilac Marine Corp., 296 F.Supp.2d 91(D. Puerto Rico 2003), citing 5 Charles Alan Wright, Arthur R. Miller & Mary Kay, Federal Practice and Procedure, § 1278 (2d Ed.1990). Such is the case here.

The plaintiffs' complaint was filed in February 2005. Discovery ensued, which included the plaintiffs' depositions in March 2006. During that discovery period, it was revealed that the plaintiffs believed they had been treated differently since they purchased the property in Truro in 1996. Defendants' Memorandum, pp. 4, 16-17. Clearly, they can't claim surprise or prejudice from a limitations defense and, indeed, they do not.

Also, the defendants have raised the issue at pragmatically sufficient time via their summary judgment motion that they filed just some two months after the March 1996 depositions. See Saucier v. Warden, New Hampshire State Prison, 215 F.3d 1312 (1st Cir. 2000) (although state had not asserted limitations defense in its answer, it had not waived the defense where it might yet have raised the defense by amending its answer or filing a motion for summary judgment).[5]

As noted, the plaintiffs have not identified any prejudice from the raising of this defense in the summary judgment motion. Further, although presented with the opportunity, the plaintiffs offer no evidence in response to the defense. They state only that "the complaint alleges … acts within the last three years by the Truro Defendants," but they do not identify any such allegations. Their reference to unidentified

---

[5]    If the Court prefers or so directs, the defendants can and will formally move to amend their answer to assert a statute of limitations defense. See Fed. R. Civ. P. 15 (district court should allow an amendment to pleadings when justice so requires).

allegations in the complaint, without more, is insufficient to ward of summary judgment on the limitations issue. See Collins v. Nuzzo, 244 F.3d 246 (1st Cir. 2001) ("Burden is on plaintiff to show facts sufficient to take the case out of the statute of limitations."). See generally Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991) (non-moving party cannot rely upon allegations in a complaint to contest a motion for summary judgment)

### C. The Plaintiffs Have Not Established a 1983 Claim.

The plaintiffs argue that "the Truro Defendants have not met their burden of proof" on the issue of similarly situated persons. Plaintiffs' Opposition, p. 20. Actually, it is the plaintiffs who must establish that they are similarly situated to others who have been treated differently and it is the plaintiffs who have failed to meet this burden. Indeed, they don't dispute or deny that (1) none of the other properties they identified involve construction of the magnitude they seek or (2) their proposed construction lies within 100' of the Mean High Water mark while the others don't.[6] The plaintiffs have failed to show that others who were similarly situation were treated differently, without any rational basis.

Perhaps in recognition of this problem with their claim, the plaintiffs appear to argue that their civil rights count stated a due process claim and takings claim, separate and apart from the equal protection claim or analysis. Baker v. Coxe, 230 F.3d 470, 474 (1st Cir. 2000). But, in the field of local permits, the nature of the government conduct (or misconduct) required to establish either a due process or an equal protection claim is so similar as to compress the inquiries into one. See PFZ Props., Inc. v. Rodriguez, 928

---

[6]    In footnote 5 of their Opposition, the plaintiffs reference four homes. The tax assessor data attached to the Revere Affidavit, however, doesn't support the plaintiffs' apparent contention that these lots, locations, or projects or in anyway similar to the plaintiffs. The defendants have moved to strike this exhibit.

F.2d 28, 32 (1ˢᵗ Cir. 1991). The courts have held that even an arbitrary denial of a permit in violation of state law-even in bad faith-does not rise above the constitutional threshold for equal protection and due process claims. See id. Meanwhile, the plaintiffs' "temporary taking" claim is based on the actions they claim for their equal protection/due process claim. That their claim, and the analysis of the same, compresses into one inquiry or argument is supported by the fact that the plaintiffs presented the claims into a single count, rather than multiple, separate counts.

Indeed, the plaintiffs' entire civil rights count is based on their claim of discrimination due to Mrs. Allen's national origin. Complaint, ¶¶ 94-96, 99. Defendants have addressed the same, showing there is no basis for this claim. The plaintiffs now appear to concede that there is no support for this contention. Plaintiffs' Opposition, note 6. Their civil rights claim then fails.[7]

### Conclusion

**Wherefore**, the defendants request that summary judgment enter in their favor on all counts of the complaint against them.

Respectfully submitted,
The Defendants,
By their attorneys,

/s/ Deborah I. Ecker
Deborah Ecker, BB0#554623
Deidre Brennan Regan, BBO #552432
**BRODY, HARDOON, PERKINS & KESTEN, LLP**
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Dated: June 26, 2006

---

[7] The plaintiffs argue that Ms. Allen's "mid-eastern background may qualify her for heightened scrutiny of the Truro Defendants' actions." Plaintiffs' Opposition, n. 6. They do not explain this assertion, nor do they cite any support for it. The defendants submit that it doesn't make sense and that the plaintiffs are not entitled to any "heightened scrutiny."